## Wheeling.

NANCY McCLINTIC *et al. vs.* JOSEPH M. OCHELTREE *et al.*

January Term, 1870.

1. An appeal to this court cannot be taken from the order of a court of chancery directing an issue *devisavit vel non.*

2. If an instruction propounds the law correctly and cannot mislead the jury, it cannot be erroneous, no matter what the form of it may be.

3. A *Feme covert*, holding separate property in real estate, by deed or will prescribing a particular mode of disposition, cannot dispose of it in any other mode, although the deed or will does not negative such other mode expressly.

4. When a party attained his majority in 1856, he cannot file a bill in 1859 to set aside the probate of a will made in 1840, the disability of infancy having been removed more than one year. Code of 1849, chap. 122, sec. 35.

This case came from Greenbrier county. A statement of the points made in the petition will be found in the opinion of Judge Maxwell.

Hon. N. Harrison, Judge of the circuit court of Greenbrier county, presided on the hearing of the cause.

*Price* and *Dennis* for the appellants.
*Snyder & Gordon* for the appellees.

MAXWELL, J. Joseph M. Ocheltree, Campbell Riffe, and twelve others, on the first Monday in September, 1859, filed their bill in the circuit court of Greenbrier county, to set aside the probate of the will of Eliza McClintic. The will

bears date on the 28th of March, 1839, and was probated in the county court of Greenbrier county at the March term, 1840 thereof. The bill charges that the complainants, togethe. with Hern and wife, who are made defendants, are the heirs at law of the said Eliza McClintic, who was a married woman, and by virtue of a marriage contract, the owner of certain lands, with power in her to dispose of the same, "by any writing or writings under her hand and seal, attested by three or more witnesses, or by her last will and testament, in writing, to be by her signed, sealed, published, and declared in the presence of the like number of witnesses." The bill charges that the will is null and void because it was not signed, sealed, and acknowledged in the presence of three witnesses, but only in the presence of two. The answer calls on the complainants to prove that they are the heirs of the said Eliza McClintic, and insists that if they are such heirs, they are barred by the statute of limitations from filing their bill to set aside the said probate. The answer also insists that the will was executed in the presence of a sufficient number of witnesses.

The proofs in the case show that Ocheltree and Riffe and two others of the complainants are heirs at law of the said Eliza McClintic, but as to the other complainants, it does not appear that they are her heirs; and as to the said Riffe, it appears that he was born in January, 1834, and that Ocheltree was born in April, 1835. Upon this state of the case, an order was made at the October term of the court, 1860, directing an issue to be made up to try the question, whether the paper writing referred to in the bill and proceedings, as the will of Mrs. McClintic, be her last will and testament or not.

At the April term, 1868, of said court, the issue was tried and the jury found that the said paper was not the last will and testament of Mrs. McClintic, and afterwards, by a decree rendered at the June term, 1869, of the same court, the said order of probate was set aside. There was an appeal from the order made at the October term, 1860, to the

supreme court of appeals of Virginia, which appeal is now pending in this court. There was also an appeal to this court from the order made at the June term, 1869, setting aside the order admitting the will to probate. A motion is now made here to dismiss the first of said appeals because it is improperly continued upon the docket of this court under the act of the 5th day of March, 1868, but the counsel do not seem to insist on the motion. Without determining whether or not the appeal is improperly upon the docket under the said act, the appeal should be dismissed, because the order appealed from was not such an order as could be appealed from under the law in force at the time the appeal was allowed, or in force at this time.

The additional record furnished on the second appeal, together with the record accompanying the first appeal, make a complete record of the case, and must be looked into in considering the second appeal.

I propose to consider the points made here and arising on the record, not in the order in which they are made, but as may be most convenient.

It is insisted that the court erred on the trial of the issue before the jury, by instructing the jury, "that under a proper construction of the ante-nuptial settlement between Mrs. McClintic and her husband, Thomas McClintic, they must find that the will propounded is not the last will and testament of the said Eliza McClintic, as to the real estate therein described."

The only question before the jury was, whether or not a certain paper was the last will and testament of Mrs. McClintic. Mrs. McClintic was a married woman at the time she executed, or attempted to execute, the paper, and was the owner of the property in the said paper mentioned, under and by virtue of a marriage settlement, by which marriage settlement she was authorized to dispose of the said property, notwithstanding her coverture, by any writing or writings under her hand and seal, attested by three or more witnesses, or by her last will and testament in writing, to

be by her signed, sealed, published, and declared in the presence of the like number of witnesses, while the paper propounded as the last will and testament of the said Mrs. McClintic was signed, sealed, and acknowledged in the presence of only two witnesees, as appears from the paper itself, and it was not claimed or pretended, nor was there any evidence tending to show that the said paper was signed, sealed, and acknowledged in the presence of any more than the said two persons. There being no dispute as to the facts, the matter for the determination of the jury, was a naked question of law, and if the instruction propounded the law correctly, and could not mislead the jury, no matter what may be the form of the instruction, it cannot be erroous. The first question, then, for consideration is, did the instruction as given state the law correctly? At the time the supposed will was made there was no statute law in force in Virginia under which a married woman could make a will, even to dispose of her separate estate. Before that time it had been held in the case of *West* vs. *West*, 3 Rand., 373, that a married woman could not dispose of her real property by will, unless a power to do so is reserved by articles before marriage, or by the instrument creating the estate.

The case of *Jacques* vs. *Methodist Episcopal Church*, 17 Johnson, 548, is relied on by the counsel for the appellants. In this case it was held that a *feme covert*, with respect to her separate estate, is to be regarded in a court of equity as a *feme sole*, and may dispose of her property without the consent or concurrence of her trustee, unless she is specially restrained by the instrument under which she acquires her separate estate, and though a particular mode of disposition be specially pointed out in the instrument or deed of settlement, it will not preclude her adopting any other mode of disposition, unless there are negative words restraining her power of disposition, except in the very mode so pointed out. This case was decided before the case of *West* vs. *West*, but is not referred to in that case. The sub-

ject was again under review in Virginia, in the case of *Williamson* vs. *Beckham*, 8 Leigh, 20, when the decision in the case of *West* vs. *West* was approved, and it was held that a *feme covert*, holding separate property in real estate, by deed or will, prescribing a particular mode of disposition, cannot dispose of it in any other mode, although the deed or will does not negative such other mode expressly. This view of the question I think clearly the correct one. I cannot understand how it is possible that if a married woman cannot dispose of her separate real estate by will, without a power, yet if she have a power she may dispose of it by will not made in conformity to the power.

I conclude, therefore, that the instruction given to the jury stated the law in substance correctly. The jury could not have been misled by the instruction, and if they had found any other verdict than they did, it would have been in violation of the law and facts of the case.

It is insisted that the court should have dismissed the bill on final hearing, because nine or ten of the complainants were not shown to be heirs of Eliza McClintic, and because the complainants failed to show that they were protected in their right to sue by the disability of infancy.

There are ten of the complainants, as before stated, who do not appear from the evidence to be the heirs of Mrs. McClintic, and but four of them who appear to be such heirs. Of the four who appear to be such heirs, two of them, Ocheltree and Riffe, were infants at the time of the probate of the will in March, 1840, but both of these had arrived at twenty-one years of age more than three years before the filing of the bill in September, 1859. Under section 13, chapter 104, 1 Revised Code, 1819, page 378, any person interested might, within seven years after a will was admitted to probate, appear, and by bill contest the validity of any such will. The same sections contained a saving also to infants, *femes covert*, and persons absent from the State, or *non compos mentis*, the like period after the removal of their respective disabilities.

By the act of March 24th, 1838, session acts of 1838, page 71, it was provided, that when any person should offer, or intend to offer for probate, any last will and testament, it should be lawful for him to obtain from the clerk of the circuit superior court having jurisdiction thereof, a summons or summonses to all persons interested to appear and contest the probate of the will to be offered. This act made the judgment of the court, unless appealed from, conclusive against all persons who were summoned, saving, however, to infants for one year after they became of age, and to persons residing out of the commonwealth, or not having been actually summoned as directed by the act, two years after such final sentence or order, within which period they might institute any suit as if the act had never passed. This was a new provision and entirely independent of the provision contained in chapter 104, of the Code of 1819.

The provisions of the act of 1838, and of the Code of 1819, materially modified in some respects, are found united in chapter 122 of the Code of 1849, in force when the bill in this case was filed; sections 28, 29, 30, 31, and 32 of said chapter contain the provisions of the act of 1838, as to the proceedings to summon the parties, and other proceedings to the final order as to the probate. Section 33 provides that in such proceeding any sentence or final order shall be a bar to a bill in equity to impeach or establish such will, unless on such a ground as would give to a court of equity jurisdiction over other judgments at law.

The 34th section provides that a court may, however, without summoning any party, proceed to probate and admit the will to record or reject the same.

After a sentence or order made under this section, a person interested who was not a party to the proceeding, may, within five years, proceed by bill in equity to impeach or establish the will, on which bill a trial by a jury shall be ordered, &c.

The 35th section provides that the next two preceding sections are subject to this proviso : that any person inter-

ested, who, at the time of the sentence or order, is within the age of twenty-one years, may file a bill in equity, to impeach or establish the will within one year after he becomes of age, and any person interested, who, at that time resides out of the State, or shall have been proceeded against by order of publication, may, unless he actually appeared as a party, or was personally summoned, file such bill within two years after such sentence or order.

As the law was in the Code of 1819, an infant might file his bill in seven years after disability removed; under the act of 1838, if an infant was proceeded against, and summoned, he might file his bill in one year after disability removed.

Under the Code of 1849, he has but one year after he comes of age, in which to file his bill, no matter what is the proceding to probate the will.

It is claimed here for the appellants, that section 19, of chapter 149, of the Code of 1849, page 594, excepts this case out of the bar of the limitations contained in section 35, of chapter 122, of said Code.   The 19th section of chapter 149, only refers to the bars created by the said chapter.   As none of the limitations contained in chapter 149 apply to this case, none of the exceptions or savings contained in the 19th section apply to it.

It is clear, therefore, that the complainants, Ocheltree and Riffe, were not at the time the bill was filed, protected in their rights to sue by any disability of infancy.  As ten of the complainants do not appear to have ever had any right to sue, and the other four barred in their right to sue at the time the bill was filed, the bill should have been dismissed on final hearing.

This view of the case renders it unnecescary to consider the question as to the misjoinder of parties.

The first appeal will have to be dismissed. with costs to the appellees.

The final decree or order complained of, will have to be reversed, with costs, and the complainants' bill dismissed.

BROWN, *President, dissentiente.*

The plaintiffs were, some of them, infants, and under the law as it was before July 1st, 1850, had an accruing right to bring their suit within seven years after attaining their majority. Before the expiration of that time this suit was brought; but after July 1st, 1850, the Code of 1849, which took effect July 1st, 1850, prescribed another rule for the future, but was not intended to operate retrospectively, and therefore, the clause repealing all former laws, code 1860, chapter 216, section 2, expressly saves to parties all rights accrued or accruing, and leaves the same to be determined by the law as it was before the 1st day of July, 1850. This provision, in my opinion, saves to the plaintiffs here their accruing right to sue within the period limited by the law as it was before July 1st, 1850, and as the suit was brought within that time, the plaintiffs' rights were not barred when suit was brought, and they should have the relief to which they are entitled. I think, therefore, that the decree of the circuit court should be affirmed as to the infant plaintiffs; but as the court holds other views on this point, I concur only in the rest of the opinion just delivered, so far as it is not inconsistent with the above views.

Judge Berkshire concurred with Judge Maxwell.

DECREE REVERSED.