# CHARLESTON.

CHILDERS et al. v. MILAM et al.

Submitted June 3, 1909. Decided January 24, 1911.

1. WILLS—*Probate—Bill to Impeach.*
    In a suit under the provisions of Code 1906, ch. 77, sec. 32, to impeach the probate of a will, the validity of a subsequent probate of a wholly different paper cannot be established.

2. SAME—*Probate—Impeachment—Interest.*
    The absolute validity of the rights of plaintiff is not a question in such suit. In this particular it is sufficient for plaintiff to show a *bona fide* interest in impeaching the will.

3. INFANTS—ACTIONS AGAINST—*Admissions by Defendants—Effect.*
    Admissions in answers of adult defendants cannot bind infant defendants in the cause. A decree against the rights of infants standing only on these admissions must be reversed.

Appeal from Circuit Court, Wyoming County.

Action by Col. Childers and others against Victoria Milam and others. Decree for plaintiffs, and defendants appeal.

*Reversed and Remanded.*

*File & File,* for appellants.

ROBINSON, JUDGE:

The object of this suit, as plainly expressed in the plaintiff's bill, is to determine whether a certain paper writing admitted to probate is the last will and testament of John A. Dixon, deceased. It is clear that the proceeding is based on the provisions of Code 1906, ch. 77, sec. 32. The bill invokes the aid of this statute. It seeks to impeach the probate of the paper, and the validity of that paper as a will, in the manner and within the time provided by the statute. Plaintiffs are the alienees of one of the heirs of the decedent. If the probated

will is annulled, they may be able to take a larger share in the
lands devised by the will than they can have under it. They
properly aver the interest which they have in impeaching the
probate, and they exhibit the contract and deeds by which the
interest of the heir is now invested in them. All proper parties
are made defendants. The demurrers to the bill were rightly
overruled.

The infant children of the decedent were represented by
guardian *ad litem,* who put in the usual formal answer for them.
The widow and adult children of the decedent filed answers, in
which they admitted that the paper probated is not the
decedent's last will and testament. They say that it is a substan-
tial copy of the genuine will, and that the original and true will
has been probated since the institution of this suit. They pray
that the will last probated be established by proceedings in the
cause. The answers of the adult defendants undertake to raise
an issue as to the interest of plaintiffs enabling them to main-
tain the suit, by averring that the heir was insane at the time he
conveyed his interest in the land to the plaintiffs.

The court very properly sustained exceptions to the answers
in so far as they undertook to set up and establish the probate
of another and different paper writing than the one sought to be
impeached by the bill. And very properly in the final decree,
annulling the will attacked, a clause reserved all questions re-
garding the validity of the later probate and the genuineness of
the paper therein involved as a will of the decedent. Questions
in relation to the validity of the probate of another paper were
not properly cognizable in the cause. The issue in the suit was
a narrow one. It was an issue wholly in regard to the validity
of the will first probated and sought to be impeached. This issue
could not be extended so as to involve the validity of the other
document. That document may be the basis of another suit and
a separate issue, but its establishment has nothing to do with
the proceedings simply to impeach a wholly different paper.
The statute defines what the issue shall be in a case like the one
at hand: "If required by either party, a trial by jury shall
be ordered, to ascertain whether any, and if any, how much, of
what was offered for probate be the will of the decedent." So
observe that the issue relates merely to "what was so offered for
probate." It does not relate to something that was not embraced

in the probate brought into question by the suit. "Upon the determination of the question as to whether the paper is the will of the decedent or not, the court can make no further order or decree in the cause." 13 Enc. Digest, Va. and W. Va. Rep. 774, and cases there cited. The establishment of another paper is not germane to the suit. Even the construction of the will cannot be involved. *Coffman* v. *Hedrick,* 32 W. Va. 119; *Kerr* v. *Lunsford,* 31 W. Va. 659. Nor can the validity of a bequest in the will be inquired into. *Ward* v. *Brown,* 53 W. Va. 227. The sole question to be determined is whether the will is one that should have been probated.

No replications to the answers were entered. Therefore, it is said that the allegation in the answers of the adult defendants, to the effect that the conveyance under which the plaintiff's claim was made by a person of unsound mind, is taken as true. Thus it is argued the plaintiffs do not show that they are interested so as to maintain the suit to impeach the probate of the will. But plaintiffs do show a *bona fide* interest. Nothing more is required of them. Though, in a suit of the character of this one, a plaintiff claims under an earlier will not probated, the court will not try the validity of the former will. It is sufficient if the plaintiff sets up a *bona fide* claim. *Dower* v. *Church,* 21 W. Va. 23. The same is certainly true as to a deed under which plaintiffs seeking to impeach a will claim, as we have it here.

No proof was submitted in the cause. Nor was a jury required by any party. The cause was heard upon bill and answers. It being admitted by the adult defendants that the probated will which plaintiffs attack is not the true will and testament of the decedent, we presume the court believed the way clear for the entry of the final decree. That decree grants the prayer of the bill —declares that the probate is of a spurious will and sets aside that probate. But the admission of the adult defendants cannot bind the infant parties. *Glade Coal Mining Co.* v. *Harris,* 65 W. Va., 152. The admission cannot afford the basis of a decree against the infants. There is not a word of evidence to justify a decree annulling the rights of these infant defendants under the will. The decree is erroneous as to them, because it is not supported by proof. And since it is erroneous as to them, it must be erroneous as to all. It is a good will or a bad one. All of the devisees stand on the same ground. Their rights are in-

volved in the same question and equally affected by the decree. Their rights are not severable. The decree must be reversed as to all. *Walker* v. *Page,* 21 Grat. 636, points 7 and 8 of syllabus. The infant defendants join in this appeal. Even if they did not, we would reverse out of regard to their rights. *Glade Coal Mining Co.* v. *Harris, supra.*

The decree will be reversed and the cause remanded for further proceedings.

*Reversed and Remanded.*