HELEN E. CHITWOOD *et al.* *v.* GEORGE R. COLLINS *et al.*

(CC 626)

Submitted April 16, 1940.   Decided April 30, 1940.

*Rummel, Blagg & Stone* and *J. M. Holt,* for plaintiffs.
*Brown, Jackson & Knight* and *Conley, Thompson & Neff,* for defendants.

HATCHER, JUDGE:

The main question here is does Code, 41-5-11, limiting the period in which a will may be impeached to two years from the date of probate, apply to a suit brought after that period for the specific performance of a contract to execute a will with provisions materially different from the will actually executed and probated.

The essence of the bill is that Justus Collins and his wife Lucy agreed orally in 1910 to execute and did execute mutual wills disposing of their separate estates, and containing like provisions for their children and other like provisions for their grandchildren; that Mrs. Collins died in 1933 leaving the will of 1910; that Mr. Collins died in 1934 leaving not the will of 1910, but one executed in 1933, materially variant from the agreement of 1910, and greatly prejudicial to the rights of these plaintiffs, who are grandchildren of Mr. and Mrs. Collins; and that plaintiffs would have the agreement specifically enforced, and a trust impressed upon the estate of Mr. Collins in their favor. His will was probated in 1934; this suit was instituted more than three years after the order of probate. A demurrer to the bill was overruled; a demurrer to a special plea raising the provisions of Code, 41-5-11, was sustained; and the sufficiency of both bill and plea certified here.

The statute in question provides that a person not a party to the probate proceedings may file within two years from the judgment or order of probate, a "bill in equity to impeach or establish the will, on which bill, if required by any party, a trial by jury shall be ordered to ascertain

whether any, and if any how much, of what was so offered for probate, be the will of the decedent. * * * If no such bill be filed within the time prescribed, the judgment or order shall be forever binding."

Counsel for plaintiffs take this position: "The present suit is not the proceeding contemplated in the section quoted above. That proceeding is essentially a probate proceeding and leads to an issue *devisavit vel non;* it can perform no other function. It relates to an issue with which we are not concerned in this suit. * * * The suit now before the Court is of an entirely different character. * * * It is a suit based solely upon the contract made by Justus Collins in his lifetime to dispose of his property by will in a certain manner. The remedy sought is in the nature of specific performance of that contract. The enforcement of plaintiff's rights could not have been had in the probate court, nor in any proceeding to impeach or to establish his will." To meet that position, counsel for defendants say: "While the plaintiffs assert that their suit is to compel specific performance of an alleged contract and to impress a trust upon the property of Justus Collins, instead of a proceeding under this statute, yet it is submitted that the very gravamen of their action is to impeach the last will and testament of Justus Collins—to impair the validity and effect of his will—and to substitute a different disposition of his property and estate from that provided for under his will. Such a suit, in whatever form brought or however adroitly framed, is in substance a contest of the will and testament of Justus Collins. Not having been brought within two years from the date of probate of the will, the suit cannot be maintained."

If the statute contained simply the provision that a bill could be filed in equity to impeach a will, the contention of counsel for defendants would be forceful indeed; but the statute, by specifying the issue to be submitted to the jury, limited the impeachment to that issue, i. e., whether the paper propounded was "the will of the decedent." This view has been constantly taken not only in this state but also in Virginia where the substance of

the statute has been the law since 1785. The leading Virginia case, perhaps, is that of *Coalter's Exor.* v. *Bryan,* 1 Gratt. 18, 42 Va. 18, decided in 1844. The bill there sought to impeach the paper probated as the will of the celebrated John Randolph of Roanoke, and to have certain parties in possession of his estate required to surrender it. The court held that the jurisdiction in such case was limited by the statute to the one question whether the paper admitted to probate was the last will and testament of the decedent and the jurisdiction could be extended no further, and that so much of the bill as sought relief other than the impeachment of the probated paper should be dismissed. See also, *Kirby* v. *Kirby,* 84 Va. 627, 5 S. E. 539. And our own Court, in *Simmons* v. *Simmons,* 85 W. Va. 25, 30, 100 S. E. 743, 746, citing a number of West Virginia decisions, declared: "It is well settled by our decisions that upon an issue of *devisavit vel non* the jurisdiction of the court ends with the decree adjudicating that issue, and that it has no power or authority therein to grant any other relief." We are aware of decisions in both states wherein it was said that the purpose of the statute was to test the "validity" of a will. But the word *validity* as so used had reference only to the validity of the probated paper as a testament, and not to the validity of its provisions. It necessarily follows that the bar of the statute would apply only to matters which could be tried under the statute. Since the alleged contract between Mr. and Mrs. Collins could not have been litigated in the statutory proceeding, the statutory bar has no application to the right of plaintiffs under that contract.

Counsel for defendants also contend that the alleged parol contract between Mr. and Mrs. Collins is within the statute of frauds; that for lack of consideration the contract is not enforceable; and that this suit is barred by laches. The authorities agree that while partial performance will not sustain a contract otherwise subject to the statute of frauds, full performance will do so. *Smith* v. *Black,* 100 W. Va. 433, 438, 130 S. E. 657. The full performance of the alleged contract by Mrs. Collins would do

so here.  *Wilson* v. *Starbuck,* 116 W. Va. 554, 556-7, 182 S. E. 539, 102 A. L. R. 485.  Code, 55-8-12, permitting a suit in equity by third persons upon a contract made for their benefit, does not specify that they shall have furnished a consideration.  It would, therefore, seem that the Legislature did not regard a consideration requisite.  There is some conflict of authority on this subject.  But Mr. Williston finds "no good reason A should not be able for a consideration received from B to make an effective promise to C," and that the great weight of authority recognizes a direct enforceable right in a donee beneficiary.  Williston Contracts, Rev. Ed. by Williston and Thompson, sections 354, 356.  Accord: 1 Restatement Contracts, section 135. Delay short of the period fixed by a statute of limitations (here five years) will not bar a suit, unless the delay works a disadvantage to another.  *McMullin* v. *Matheny,* 104 W. Va. 317, 140 S. E. 10.  The bill does not show that the lapse of three years in bringing this suit has injured the defendants.

The rulings are affirmed.

*Affirmed.*