VIRGIL WEESE, *et al.*

*v.*

CLARA VIRGINIA M. WEESE, *et al.*

(CC 757)

Submitted January 31, 1950. Decided April 4, 1950.

Fox, JUDGE, concurring.

*James H. Swadley, Jr., Emory Tyler*, for plaintiffs.

*Ralph J. Bean, H. G. Muntzing*, for defendants.

HAYMOND, JUDGE:

The plaintiffs, Virgil Weese, Glen E. Weese, Clarice Weese Frantz, Lillie Weese Stewart, Willard Weese and Mernie Weese Groves, children of F. R. Weese, deceased, instituted this suit in the Circuit Court of Grant County against the defendants, Clara Virginia M. Weese, his widow, Norvell Weese and Esta Weese Bergdoll, two of his children, and Evers Bergdoll, administrator of the estate of F. R. Weese, to impeach a will of F. R. Weese, dated July 23, 1927, probated December 6, 1943, to compel the production and cause the probate of another instrument, made and dated in the year 1939, as the true will of F. R. Weese, and to obtain other incidental relief in equity based upon the last mentioned instrument in writing.

The suit was instituted in April, 1948, more than two years after the entry of the order of probate of the 1927 will and, on July 15, 1949, the defendants filed their written demurrer to the bill of complaint. The grounds assigned were: (1) The suit was not instituted within two years from the probate of the will sought to be impeached; (2) the bill of complaint is multifarious; and (3) the misjoinder of Evers Bergdoll, administrator of the estate, as a defendant.

The circuit court, being of the opinion that the first ground was well taken, without passing upon the second ground, sustained the demurrer. With the consent of the plaintiffs, it dismissed the defendant, Evers Bergdoll, as administrator, from the suit after overruling the third ground of demurrer and, on its own motion, by decree entered July 20, 1949, certified to this Court these questions:

1. Is the bill of complaint of the plaintiffs demurrable in which they allege that a will, probated as the will of F. R. Weese, was fraudulently produced for probate by the defendants, and admitted to probate, after a written instrument which the plaintiffs allege is the true last will of F. R. Weese had been fraudulently suppressed or destroyed by the defendants, when it appears that suit to

impeach the probated will was not instituted until more than two years after the date of its probate?

2. Is the bill of complaint demurrable as multifarious because the plaintiffs seek to impeach the written instrument probated by the county court as the will of F. R. Weese, to require the production for probate of the written instrument alleged to be his will, to annul a deed made by the widow to Norvell Weese for certain real estate devised to her by the probated will, to require Norvel Weese to reconvey such real estate to her for her life, to require the widow and Norvel Weese to account for timber sold and removed from real estate of F. R. Weese, to restrain them from cutting and removing timber from such real estate, and to obtain a decree declaring the personal property of F. R. Weese in the possession of the widow at her death to be the property of his heirs by reason of the provisions of the written instrument alleged by the plaintiffs to be his true will?

The material facts appear from the bill of complaint and, to the extent that they are properly pleaded, must be accepted as true on demurrer.

The facts, as now stated, appear from the allegations of the bill of complaint. On November 29, 1943, F. R. Weese departed this life in Grant County, leaving surviving him as his children and heirs at law the plaintiffs Virgil Weese, Glen Weese, Clarice Weese Frantz, Lillie Weese Stewart, Willard Weese, and Mernie Weese Groves, and the defendants Norvel Weese and Esta Weese Bergdoll, and his widow, the defendant Clara Virginia M. Weese. At the time of his death F. R. Weese owned and possessed personal property of the appraised value of $7,151.15 and five tracts of land of the appraised value of $9,200.00, or property of the total appraised value of $16,351.15. On December 6, 1943, a written instrument purporting to be the will of the decedent was produced for probate and probated by the County Court of Grant County and it is now of record in the office of the county clerk of that county. This document is wholly in the handwriting of the decedent and is in these words: "July 23, 1927. I this day

will my wife everything that I have in my possession, in the end of my time, this means money, land, cattle or anything else. Take charge of everything and do as she wants to do with them. F. R. Weese (this will to C. V. M. Weese, my wife)." The widow nominated Evers Bergdoll as administrator under the probated will. He qualified, gave bond as such, proceeded to administer the estate, and filed his final settlement on February 6, 1945.

On February 20, 1947, the defendant, Clara Virginia M. Weese, the widow of the decedent and the beneficiary under the probated will, executed a deed to the defendant, Norvel Weese, for one of the tracts of land and certain personal property owned by the decedent at the time of his death and claimed by her under his will, in which deed she reserved a life estate in the property embraced in the deed.

Shortly after the burial of the decedent, his widow and some of his children and their spouses met at his residence, and at that time the now deceased wife of the defendant Norvel Weese produced a paper which purported to be the will of F. R. Weese. This paper was read to and inspected by the members of the group then present. It was written by F. R. Weese with a pencil, in the year 1939, was entirely in his handwriting, and gave all of his property to his wife, Clara Virginia M. Weese, for life, but made no other disposition of such property, and appointed Evers Bergdoll as executor. The plaintiffs were led to believe, by the defendants Clara Virginia M. Weese, Norvel Weese and Evers Bergdoll, that this written instrument would be and had been produced for probate and probated, and they believed that it had been probated until one of them learned, from a friend in the latter part of 1947, that a deed by Clara Virginia M. Weese to Norvel Weese for a tract of real estate had been made and recorded in the office of the county clerk. Upon the receipt of this information, the plaintiffs made an investigation and to their surprise and amazement found that Clara Virginia M. Weese, Norvel Weese and Evers Bergdoll, with intent to defraud them, had produced for

probate and caused to be probated the written instrument dated and executed in 1927, instead of the written instrument made by F. R. Weese in 1939. As soon as the plaintiffs ascertained that the wrong paper had been probated as the will of F. R. Weese, they employed counsel to protect their interests in the estate of the decedent, and instituted this suit in April, 1948.

The defendants Clara Virginia M. Weese and Norvel Weese have cut and sold valuable timber from some of the tracts of land owned by F. R. Weese, and are now engaged in cutting timber on those lands.

After the plaintiffs learned of the deed from Clara Virginia M. Weese to Norvel Weese and that the paper written by F. R. Weese in 1927 had been probated as his will, they or some of them communicated with Clara Virginia M. Weese who then denied that she had any knowledge of any will of the decedent other than that produced for probate and probated as his will. She did state, however, that at the time the paper was read as his will to the group which met after the burial of the decedent she was ill and did not know its contents.

The defendants, Clara Virginia M. Weese and Norvel Weese, however, know of the existence of the paper writing, which should have been probated, and either have it in their possession available for production for probate, or they have maliciously and fraudulently destroyed it in order to defeat the interests of the plaintiffs in the property owned by the decedent at the time of his death.

The prayer of the bill of complaint is that the written instrument probated as the will of F. R. Weese be set aside, annulled and held not to be his will; that the defendants be required to produce and have probated the written instrument made by F. R. Weese in 1939, which was read to the plaintiffs as his will shortly after his burial; that the plaintiffs and the defendants Norvel Weese and Esta Weese Bergdoll be declared to be the owners in fee simple of all the real estate of which F. R. Weese died seized and possessed, subject to its use by the defendant

Clara Virginia M. Weese during her natural life; that the deed for real estate made by the defendant Clara Virginia M. Weese to the defendant Norvel Weese be annulled and set aside and that Norvel Weese be required to reconvey such real estate to Clara Virginia M. Weese for her use during her natural life; that it be held that, at her death, such real estate shall be the property of the children of F. R. Weese; that the defendants Clara Virginia M. Weese and Norvel Weese be required to account and pay for all timber sold and removed from any of the lands owned by F. R. Weese at the time of his death; that they be enjoined from further cutting and removing any of such timber; that any personal property of F. R. Weese, in the possession of Clara Virginia M. Weese at her death, be held to be the property of the children of F. R. Weese and divided equally among them as provided by law; and that the plaintiffs be granted general relief.

No conveyance of any of the property owned by the decedent at the time of his death has been made to any purchaser for value and without notice of the claim of the plaintiffs.

The single question involved is presented by the first ground of demurrer, and the decision of that question is controlled by the holding of this Court in the case of *McKinley* v. *Queen,* 125 W. Va. 619, 25 S. E. 2d 763. In that case this Court held, in Point 3 of the syllabus, that the period prescribed in Code, 41-5-11, relating to the filing of a bill in equity, is jurisdictional and limits both the right and the remedy which that statute provides. As the bill of complaint shows on its face that it was not filed, and that this suit was not instituted, until after the expiration of two years from the date of the order of probate, the question of the jurisdiction of the circuit court to entertain this suit is properly raised by the demurrer.

In the *McKinley* case the basic question was whether the suit to impeach a will had been instituted within the two year period after the date of the order probating the will. In the opinion this Court said:

"A court of equity has no inherent jurisdiction to hear and determine a suit for the impeachment of a will. *Coalter* v. *Bryan*, 1 Gratt. 18, 78. Jurisdiction now exercised by courts of equity in this State is conferred by. Code, 41-5-11. As to whether the right, the remedy, or both are limited by the statute, the following quotation is apropos: 'The method and right of impeaching a will depends upon this statute. The very right itself is provided by the statute and the statute which creates the right prescribes a special limitation upon that right—the time within which the right can be exercised. The statute which confers the right fixes the period within which the right may be enforced and the limitation is of the right as well as of the remedy.' *Branch* v. *Branch*, 172 Va. 413, 2 S. E. 2d 327, 329. The statute to which the Court referred in the foregoing quotation is essentially the same as Code, 41-5-11. Also consult: *Spaulding* v. *White*, 173 Ill. 127, 50 N. E. 224; *Waters* v. *Waters*, 225 Ill. 559, 80 N. E. 337. A similar conclusion was reached in applying a statute of like import in the case of *McVey* v. *Butcher*, 72 W. Va. 526, 78 S. E. 691. In the case of *Canterberry* v. *Canterberry*, 118 W. Va. 182, 189 S. E. 139, 697, in passing on a question identical with that now discussed in the instant case, the Court apparently regarded the limitation relative to filing a bill as a limitation of the remedy only. We are now convinced and so conclude that the two-year limitation on filing a bill is a limitation of the right as well as the remedy, and the *Canterberry* case is accordingly modified. .

"The purpose of the requirement that a bill of complaint be filed within two years of the date of probate is to accelerate the settlement of estates. We have no doubt that a suit to impeach a will must be commenced within two years from the date of the order of probate entered by the county court."

The plaintiffs contend that notwithstanding the provision of the statute that the bill to impeach a will must be filed within two years from the date of the order of the county court where, as here, there was no appeal to the circuit court from such order of the county court, the

fraud of the defendants in causing the plaintiffs to believe that the paper, which they assert is the true will of F. R. Weese, had been probated, and in concealing from them knowledge that the prior writing had been probated, until after the expiration of the two year period, entitles them to attack the judgment on the ground of fraud in its procurement. This contention must be rejected. Though, as a general rule, a court of equity has inherent power to vacate or enjoin a judgment procured by fraud, 49 C. J. S., Judgments, Section 372; 34 C. J. 278; 51 Am. Jur., Judgments, Section 735; 3 Pomeroy's Equity Jurisprudence, Fifth Edition, Paragraph 919d, that rule is not applicable in a proceeding in which, as here, the court does not have jurisdiction of the subject matter. In this instance, the jurisdiction of the court to entertain a suit to impeach the probated will is limited, by the terms of the statute which confers such jurisdiction, to the period of two years from the date of the order of probate of the county court when, as here, no appeal from such order was taken to the circuit court; and by the express provisions of the statute "the judgment or order shall be forever binding," if no bill to impeach the will is filed within the prescribed two year period. The only instance in which the two year period may be enlarged for the filing of a bill to impeach a probated will is provided by Code, 41-5-12, which expressly permits any person interested, who at the time of the judgment or order is under the age of twenty one years, or who is a convict or an insane person, to file a bill in equity to impeach or establish the will within one year after he becomes of age, or other disability ceases, or any person interested who, at that time, resided out of the State, unless he actively appeared or was personally summoned, to file such bill within two years after the entry of such judgment or order. The statute here under consideration is unlike the ordinary statute of limitations which merely bars the remedy and does not extinguish the right of action. See *Roots* v. *Mason City Salt and Mining Company*, 27 W. Va. 483; *Cook* v. *Eastern Gas and Fuel Associates*, 129 W. Va. 146, 39 S. E. 2d 321. In instances in which a mere statute of limitations is involved the party

guilty of fraud in the procurement of the judgment may be estopped to plead the statute as a defense or to interpose the defense of laches in a suit in equity directly attacking a judgment or to obtain relief from the bar of a statute of limitations, in a court having general jurisdiction of the subject matter. See *Plant* v. *Humphries,* 66 W. Va. 88, 66 S. E. 94, 26 L. R. A. (N. S.) 558; *Wilson* v. *Butt,* 168 Va. 259, 190 S. E. 260, 109 A. L. R. 1434; *Sadler* v. *Marsden,* 160 Va. 392, 168 S. E. 357. In the absence of a special statute conferring equitable jurisdiction, however, it seems to be well settled that, notwithstanding the scope of equitable jurisdiction in case of most other orders and decrees of probate courts, an order with respect to the probate of a will can not be set aside in a court of equity on any ground; but some courts have recognized the jurisdiction in equity to declare the beneficiaries of a fraud trustees for the injured party. 3 Freeman on Judgments, Fifth Edition, Paragraph 1185. As to the absence of general jurisdiction in equity to set aside the probate of a will, this language appears in the annotation in 52 A. L. R. 779: "This rule, that equity has no jurisdiction to set aside a will for fraud, forgery, or imposition, was settled by the decision of the House of Lords, in *Kerrich* v. *Bransky* (1727), 7 Bro. P. C. 437, 3 Eng. Reprint, 284. It is, however, as pointed out in *Gaines* v. *Chew* (1844), 2 How. (U. S.) 619, 11 L. Ed. 402, difficult to assign any satisfactory reason for an exception to the jurisdiction of equity in these circumstances. Perhaps the most satisfactory reason is that the exclusive jurisdiction over probate of wills is vested in other tribunals." Where, as here, the court is without jurisdiction to entertain a suit to impeach a will after the expiration of the period prescribed by the statute, such suit may not be maintained even to attack the order of probate on the ground of fraud in its procurement, which is generally referred to as extrinsic fraud as distinguished from intrinsic fraud relating to the merits of the controversy. See *Manning* v. *Manning,* 206 Ark. 425, 175 S. W. 2d 892; 49 C. J. S., Judgments, Section 372 (2).

The right to make a will of real estate did not exist at

common law and in this jurisdiction, and generally, it exists entirely by virtue of statute. *Black* v. *Maxwell*, 131 W. Va. 247, 46 S. E. 2d 804. As already pointed out, courts of equity have no inherent general jurisdiction to hear and determine a suit to impeach or establish a will. The jurisdiction in equity to entertain a suit for that purpose is purely statutory and its exercise is limited to the period prescribed by the special statute which confers it. In discussing special statutes of that type relating to contests of wills, these pertinent statements appear in 2 Page on Wills, Lifetime Edition, Chapter 18: "The jurisdiction of a court of equity over contests of wills, which is conferred upon it by a statute which provides for a proceeding which is independent of probate and in which there are adversary parties, is a special statutory jurisdiction which is created and limited by statute. It is not a general equity jurisdiction." Section 577. "In some states, provision is made by statute for the formal contest of a will after the will has been admitted to probate. * * *. In these states a certain period is regularly fixed by statute within which a will once admitted to probate may be contested. This period of time is different in different jurisdictions, extending from a few months to several years. Whatever the limit, however, it is well settled that contest is not governed by the ordinary statute of limitations, but by its own special statute, wherever such a one exists." Section 604. "The statutes which limit a time within which a will may be contested, generally contain certain exceptions in favor of infants, persons of unsound mind, and the like; and frequently in favor of causes of action which have been concealed by fraud and the like. These exceptions exist only by force of the statute; and the statutes are to be strictly construed. * * *. The legislature has ample power to omit all disabilities as bars to the operation of the statute, if it sees fit; and the courts can not, therefore, add classes of exceptions to this statute, although such exceptions are found in corresponding statutes. If the legislature has not provided an exception where the contestant was ignorant of the facts, or where he was served only by publication, the courts can not imply such an

exception. * * *." Section 605. "The statute which prescribes the time within which a proceeding in contest must be brought, is usually a part of the statute which provides for contest, and which confers jurisdiction over such proceedings upon the specified court. It is, therefore, not a statute of limitations in the proper sense of the term, but it is a part of the statute which confers jurisdiction upon the court; and after the lapse of such period, the court has no jurisdiction over the subject-matter of the contest. The parties can not waive the objection that the statutory period has elapsed." Section 606.

The foregoing pronouncements are directly applicable in principle to Code, 41-5-11, which is a special jurisdictional statute dealing with the subject matter of impeachment or establishment of a will. Unlike some similar statutes in other jurisdictions, it provides no exception for fraud. Neither consent of the parties nor fraud confers, or can add to or create, the jurisdiction which is conferred and limited by the statute. It follows that the plaintiffs can not, in this suit, attack the order of the county court by which the 1927 will of the decedent was probated upon any ground, including fraud in its procurement, because, after the expiration of the two year period, the court is without jurisdiction to entertain this suit for any purpose; and that the action of the trial court in sustaining the demurrer, notwithstanding the allegations of fraud, on the ground that this suit was not instituted within a period of two years from the date of the order of probate, was correct.

The conclusion reached upon the jurisdictional question raised by the demurrer is supported by the cases of *In re Turinsky's Estate,* 187 Okla. 371, 103 P. 2d 86; *Del Campo v. Camarillo,* 154 Cal. 647, 98 P. 1049; and *In re Smith's Estate,* 214 Cal. 50, 3 P. 2d 921. In the *Turinsky's Estate* case, under a statute which provided that when a will has been admitted to probate, any person interested in the estate may within one year after such probate, contest the probate or the validity of the will, and that if no person within one year after probate contests the probate or the

validity of the will, the probate is conclusive, except as to infants and persons of unsound mind, the court held that a proceeding to contest the probate of a will by a person who was not an infant or of unsound mind, on the ground of fraud, begun after the expiration of the prescribed one year period, could not be maintained. Though the fraud alleged in that case appears to have been intrinsic rather than extrinsic, the reasoning of the court indicates that the proceeding could not have been entertained even if it has been based on extrinsic fraud. In the opinion the Supreme Court of Oklahoma, in referring to similar decisions of the Courts in California, said: "Beginning with *Maxwell's Estate,* 74 Cal. 384, 16 P. 206, and coming to *Smith's Estate,* 214 Cal. 50, 3 P. 2d 921, that jurisdiction has consistently held that the period for attack specified in statutes similar to ours is exclusive, and that no other statute of limitations applies, nor may any exceptions be made other than those specified in favor of those under a disability. It was expressly held that fraud was not available as an exception or as an enlargement of the period of time allowed, *Davis' Estate,* 136 Cal. 590, 69 P. 412. The only exception to this very general rule applicable in the Western Code States is in Arizona, and this by express statutory provision. By statute such a contest may be maintained in that state one year after forgery or fraud is discovered. *Sanders* v. *Sanders,* 52 Ariz. 156, 79 P. 2d 523. This should serve to illustrate the logic of the rule announced by California and other states that is to say; exception is founded only on statute." In the *Del Campo* case, the Supreme Court of California held that an order admitting a will to probate duly made in the course of probate jurisdiction in a proceeding for that purpose can not be vacated in equity for direct fraud in establishing it, that the sole remedy for such fraud was a contest of the will within the one year period prescribed by the statute in that jurisdiction, and that the reason for the short period prescribed was to prevent the unsettling of titles and the reopening of contests over the estates of deceased persons. In the *Smith's Estate* case, though no fraud was involved, the holding was that a contest of

a will begun after the time permitted by the statute was invalid and that the court in which it was filed was without jurisdiction to hear it. See also *McClintic* v. *Ocheltree*, 4 W. Va. 249; *Ropar* v. *Ropar*, 78 W. Va. 228, 88 S. E. 834; *Branch* v. *Branch*, 172 Va. 413, 2 S. E. 2d 327; *Queensbury* v. *Vial*, 123 Va. 219, 96 S. E. 173; *Gooch* v. *Suhor*, 121 Va. 35, 92 S. E. 843.

The foregoing conclusion calls for disapproval of the dictum in the recent case of *Cowan* v. *Cowan*, 133 W. Va. 115, 54 S. E. 2d 34, to the effect that an attack upon an order of probate of a county court procured by fraud is not barred by the provisions of Code, 41-5-11. In the *Cowan* case this Court held that a suit, instituted more than two years after the order of probate of a will had been entered by the county court, to partition lands and to require an accounting in which the principal issue was the title of the land involved, which depended upon the validity of the probated will, and not the validity of the probate proceeding, was a collateral attack upon a duly probated will and could not be entertained. The bill of complaint did not contain a sufficient allegation of fraud in procuring the probate of the will, and the question of fraud, which gave rise to the foregoing dictum, was not a point of decision in that case.

The matters involved in the second question certified were not passed upon by the trial court and, for that reason, they may not be decided by this Court upon this certificate. See *Posten* v. *Baltimore and Ohio Railroad Company*, 93 W. Va. 612, 117 S. E. 491; *The City of Wheeling* v. *The Chesapeake and Potomac Telephone Company of West Virginia*, 81 W. Va. 438, 94 S. E. 511. In view of the somewhat unusual facts and circumstances disclosed by the bill of complaint, however, and with respect to the contention of the plaintiffs that if this suit can not be maintained the defendants will be permitted to take advantage of their alleged fraud and by that means defeat any remedy of the plaintiffs and deprive them of their rights and interests in the estate of the decedent, it is

pertinent to discuss the issues involved in the second certified question.

As the plaintiffs can not maintain this suit, they can not obtain the benefit of the provisions of Code, 41-5-11, under which the court in a suit, instituted within the prescribed period of time, to impeach a probated will, is authorized to require the production of all testamentary papers of the decedent, which would in this instance include the will alleged to have been made by the decedent in 1939. If that paper is in existence and is in the possession or the control of the defendants Clara Virginia M. Weese and Norvel Weese, as suggested by the allegations of the bill of complaint, the plaintiffs may, by proper proceeding in the county court, under Code, 41-5-1 and 3, compel the defendants to produce the paper alleged to be the will of the decedent for probate and, upon its production, have it admitted to probate by the county court, under the applicable sections of Article 5 of Chapter 41 of the Code. "A proceeding to probate a will bearing date subsequent to that of a will already admitted to probate, in the same court, does not constitute a contest or probate of the earlier will, or of the judgment of impeachment thereof."; and "A probate of a will by a county court, or by the clerk thereof in vacation, later confirmed by the county court, under an *ex parte* procedure for the probate of wills, provided by Code 41-5-10, does not, in itself, bar the subsequent probate, in the same court, of a will executed by the same testator, on a date subsequent to the date of the earlier will so admitted to probate, where the two wills make different disposition of the testator's property, are otherwise inconsistent, or the will last executed expressly revokes all former wills theretofore made." Points 1 and 2, Syllabus, *In re Winzenrith's Will*, 133 W. Va. 267, 55 S. E. 2d 897.

If the alleged 1939 will of F. R. Weese has been lost or destroyed, it may, by proper pleadings and proof, be established in a separate suit in equity. See *Dower* v. *Seeds*, 28 W. Va. 113, 57 Am. Rep. 646; *Cartright* v. *Cartright*, 70 W. Va. 507, 74 S. E. 655, Ann. Cas. 1914 A, 578; and when

so established, admitted to probate in a proceeding for that purpose in the county court under the above cited statute. Under an earlier statute, Chapter 136, Acts of the Legislature, 1872-73, the circuit court had jurisdiction in equity concurrent with the county court to probate a will, *Dower* v. *Seeds*, 28 W. Va. 113, 57 Am. Rep. 646; but under long existing statutes the county court now has exclusive jurisdiction in matters of probate and equity has no jurisdiction to probate a will. *Nicklin* v. *Downey*, 101 W. Va. 320, 132 S. E. 735; *Stone* v. *Simmons*, 56 W. Va. 88, 48 S. E. 841. In the event the alleged will is produced, or established, and probated, after it is probated, but not before, the rights of the plaintiffs under it and the probated will, or either of them, may be determined in a proper suit in equity for that purpose. Even if the present suit could be maintained, those issues could not be determined in it, because they are now prematurely raised and because the scope of the direct relief obtainable in a suit to impeach or establish a will is generally limited to the determination of the true will of the decedent. On that point this Court said in *Childers* v. *Milam*, 68 W. Va. 503, 70 S. E. 118: " 'Upon the determination of the question as to whether the paper is the will of the decedent or not, the court can make no further order or decree in the cause.' * * *. The establishment of another paper is not germane to the suit. Even the construction of the will cannot be involved. * * *. Nor can the validity of a bequest in the will be inquired into. * * *. The sole question to be determined is whether the will is one that should have been probated." *Chitwood* v. *Collins*, 122 W. Va. 267, 8 S. E. 2d 830; *Simmons* v. *Simmons*, 85 W. Va. 25, 100 S. E. 743.

For the reasons stated the ruling of the circuit court in sustaining the demurrer is affirmed.

*Ruling affirmed.*

Fox, Judge, concurring:

On the assumption that the probate of the 1927 will was not procured by fraud, I concur, with reservations, in the opinion prepared by Judge Haymond. I agree that the proceeding provided for by Code, 41-5-11, goes to the juris-

diction of the circuit court, as well as the remedy, and that if the suit in equity therein provided for be not instituted within two years after a will is probated in an *ex parte* proceeding in the county court, and there is no appeal therefrom, the probate becomes final as to any matter affecting the execution of the will, or the probate thereof, except clearly established fraud perpetrated on the county court in securing its probate. In other words, the county court may have committed error in admitting the will to probate, but in the absence of fraud in securing such probate, on the part of some interested party, the probate becomes final and binding at the end of two years thereafter. I am not willing, however, that this Court shall hold, either in direct terms or by implication, that a will, the probate of which has been secured by fraud, cannot be attacked within a reasonable time after the fraud is discovered. No judgment or decree of any court procured by fraud is free from such attack, and I do not believe the probate of a will stands on a different footing. I am not prepared to say that the opinion filed is in conflict with this view, but the disapproval of the language used by Judge Kenna in *Cowan v. Cowan,* 133 W. Va. 115, 54 S. E. 2d 34, might be construed to indicate that the Court's view is that a probate not attacked within two years would stand as final even though it had been procured by fraud.

If the plaintiffs in this proceeding are able to sustain the allegations of their bill that the defendants having in their possession a will, dated 1939, deliberately filed for probate a will dated in 1927, it seems to me that this comes close, if it does not amount to, a fraud upon the County Court of Grant County. However this may be, the plaintiffs in the case at bar are proceeding not only to set aside the probate of the 1927 will, but to establish and probate a later will. I do not think this procedure can be followed in equity. In the situation here existing, the 1939 will must first be established, and this, as indicated in the opinion, can be done by suit in equity. If the will be so established, either by its production, or by a clear showing of its contents, then it must be presented to the county

court for probate, inasmuch as the county court has exclusive jurisdiction under our Constitution in the matter of the probate of wills. After its probate, it becomes subject to appeal or suit in equity as the statute provides. The opinion filed, by way of dicta, points out the procedure which may be followed, and for that reason I waive any doubt I may have as to whether fraud was practiced on the County Court of Grant County in the probate of the 1927 will. Of course, if the 1939 will be established and admitted to probate, then so far as it is in conflict with the 1927 will, the latest will in point of time would control the division and distribution of the estate of the testator. See *In re Winzenrith's Will*, 133 W. Va. 267, 55 S. E. 2d 897.