# CHARLESTON.

CONTINENTAL COAL COMPANY *v.* GEORGE A. MORRIS *et als.*

(No. 6428)

Submitted April 23, 1929.    Decided April 30, 1929.

*Charles T. Herd* and *Moreland & Guy,* for appellants.
*Frank R. Amos,* for appellee.

LITZ, JUDGE:

The defendants, George A. Morris, Mary A. Morris, Emily E. Donley, M. L. Shriver, Virgie Shriver, Ellalee Fetty, Vanie Morris, Nina A. Morris, Virginia M. Taylor, Lemley E. Morris and Fanny Morris, appeal from a decree of the circuit court of Monongalia county directing a partition sale of a certain vein of coal designated as the Sewickley seam underlying a parcel of 146.66 acres of land in said county, known locally as the Alpheus Morris tract, together with certain mining rights and easements.

David E. Lemley, being the owner in fee of one-seventh undivided interest in said land, by deed dated April 1, 1926, (in which his wife joined), conveyed to the plaintiff, Continental Coal Company, a corporation, one-seventh undivided interest in and to the Sewickley seam of coal within and underlying the same and "all the rights and privileges necessary and useful in the mining and removing of said vein of coal, including the right of mining the same without leaving any support for the overlying strata, and without liability for any injury which may result to the surface from the breaking of said strata, the right to ventilation and drainage and of access to the mines for men and materials, the shafts or openings for such purposes however, to be in the ravines and waste places upon said land and not nearer than three hundred yards of the principal buildings thereon; and any surface ground required for the operating or manufacturing of any kind may be taken, but shall be paid for before being occupied. Also the right of mining, ventilating, draining and transporting the coal of other lands through the mines and openings in and upon the lands hereby conveyed." The deed reserves to the grantors the right to drill through the Sewick-

ley seam for oil, gas, and other minerals; provided however that such drilling (for oil and gas) shall be through solid coal and so located as not to unduly interfere with the mining operations in the said seam of coal.

The defendants are the owners in fee of the remaining six-sevenths undivided of said land. The decree complained of directs a sale (and division of the proceeds among the parties) of the Sewickley seam of coal together with appurtenant rights and easements as conveyed by the deed from David E. Lemley and wife to the plaintiff. Lemley is not a party to the suit. A demurrer to the bill which seeks a partition of only the Sewickley seam of coal was overruled.

It is conceded that a partition sale, unauthorized at common law, is proper only where the proof shows, as required by section 3, chapter 79, Code, that a partition in kind cannot be conveniently made, and that the interest of the parties will be promoted by a sale and division of the proceeds. Plaintiff would, however, bring the case within the provisions of the statute, authorizing partition sale, by showing that the Sewickley seam, which is generally uniform in thickness, carries, in some localities, occasional clay pockets; that the stability of the overlying strata varies; that the seam can be mined economically only by the plaintiff or the Shriver Coal Company, both of which are operating mines on adjoining lands; and that an immediate sale is necessary to insure competitive bidding between the two companies, as the plaintiff will soon have completed its mining operations in the vicinity of the Morris tract.

The evidence of the defendants is to the general effect that an equitable partition in kind is practicable and that a sale will, by reason of the unfavorable condition of the coal market, result in sacrifice of the property.

A division in kind is, ordinarily, required in an involuntary partition of coal bearing property. *Smith* v. *Green,* 76 W. Va. 276. It is unnecessary to determine from the evidence whether or not the general rule should apply in this case. Since there has been no severance of the Sewickley seam or of any of the other minerals, which include another valuable vein of coal (the Pittsburgh seam), the suit cannot

be maintained. A stranger claiming an undivided interest in the minerals of land under a conveyance from a co-tenant cannot compel a partition of the minerals alone. "Each tenant in common of an undivided moiety, has a right to partition by having one-half of the whole premises set off to him; he must not be compelled to partition one part with one co-tenant, and another with another co-tenant * * *. So, if the ores in one undivided half be conveyed (as in this case) the co-tenant will not be affected by it, but would be entitled to a partition of the whole between him and his original co-tenant, without regard to the rights of the grantee. * * * The doctrine that a conveyance by a tenant in common of a specific part of the lands held in common, or of a special right or easement in the common lands, is void as against the co-tenant, is founded on principle, and sustained by many authorities. 4 Kent's Com. 368; 1 Washb. on Real Property, 417, sec. 5; *Porter* v. *Hill,* 9 Mass. 34; *Bartlet* v. *Harlow,* 12 Mass. 348; *Varnum* v. *Abbott,* Ibid. 474; *Blossom* v. *Brightman,* 21 Pick. 283; *Peabody* v. *Minot,* 24 Pick. 329; *Adam* v. *The Briggs Iron Co.,* 7 Cush. 361; *Griswell* v. *Johnson,* 5 Conn. 363." *Franklinite Company* v. *Condit,* 19 N. J. Eq. 394. "A conveyance of the minerals in a tract of land, reserving his interest in the land itself, made by a co-tenant to a stranger, is regarded as void as against the co-tenant of the grantor, 'because it is an attempt to create a new and distinct tenancy in common, between one co-tenant and the others, in distinct parts of the common estate, which is contrary to the rules of law.' The reasons on which this rule is based are the same which are thought in many of the states to be sufficient to invalidate a conveyance made by either of the co-tenants, and purporting to convey his interest in a part only of the lands of the co-tenancy." Freeman on Tenancy and Partition, section 198. "*A tract held in common cannot be partitioned by fragments.* Hence, the grantee under a deed from one of the co-tenants purporting to convey by metes and bounds a part of the larger tract, cannot enforce a partition of the portion in which alone he has an interest." Id. 508. "Although there are dicta tending to sustain the conclusion that where the subject matter of the co-tenancy

consists of but a single tract of land, a suit may be brought to partition a part only of it, especially when its area is extensive, the established rule is that a suit for partition should include all the lands of the original co-tenancy, and if it does not, any party, whether his interest extends through all such lands or is restricted to some specific part, may insist that the omitted land or lands be included in the suit, and that all persons be made parties whose presence is necessary to a partition with such lands included. Where two or more persons become co-tenants either of a single or of several distinct tracts of land, each of them is entitled to partition of all their common property, within the jurisdiction of the court, by a single proceeding, and cannot be deprived of this right by any act or conveyance of any of his co-tenants." 20 R. C. L., 732. This principle is also approved in *Young* v. *Young*, (Mo.), 270 S. W. 653, and cases digested in an annotation thereof, 39 A. L. R., 734.

The decree is reversed and the cause remanded.

*Reversed and remanded.*