ROBERT C. COWAN, *et al.*

*v.*

DAISY P. COWAN, *et al.*

(CC 750)

Submitted April 12, 1949. Decided June 21, 1949.

*Kermit R. Mason, John D. Downes,* for plaintiffs.

*Steptoe & Johnson, James M. Guiher, James F. Callahan,* for defendants.

KENNA, JUDGE:

This chancery proceeding comes here as a case certified from the Circuit Court of Monongalia County. It involves the probate of the will of A. B. Cowan, the bill of complaint having been intended to raise questions that would test the validity of that will more than three years

after an order of the County Court of Monongalia County confirming as a probate order an *ex parte* order entered by its Clerk admitting the will in question to probate although not witnessed. After having overruled a demurrer to the defendants' answer the circuit court on its own motion certified to this Court the following questions:

"1. Whether the alleged testamentary writing, described in Part II of said answer, is a will under the laws of West Virginia.

"2. Whether the probate proceedings, described in Part II of said answer, were illegal, unlawful, unauthorized by law, and ultra vires, insofar as they purported to be the act and judgment of the County Court of Monongalia County, West Virginia.

"3. Whether the alleged testamentary writing, described in Part X of said answer, constitutes the last will and testament of A. B. Cowan, Deceased, and whether the purported probate thereof by the County Court of Monongalia County, West Virginia, was null and void; and whether the confirmation thereof by the County Court of Monongalia County, West Virginia, was illegal, unlawful, unauthorized, and ultra vires, and of no legal effect.

"4. Whether Chapter 41, Article 5, Section 11, of the West Virginia Code, applies to the alleged will, and alleged probate thereof, which the plaintiffs allege is void, and a nullity. Whether the alleged will, described in said answer, is a will under the laws of West Virginia, or is void, and a nullity, and whether the purported probate thereof is void and of no legal effect, and whether said statute operates thereon.

"5. Whether the purported will of A. B. Cowan, Deceased, which consisted of a typewritten paper, signed by said decedent, with no attesting witnesses to the same, after the probate of the same by the County Court of Monongalia County,

West Virginia, and after the lapse of more than two years from the date of said probate, vested in Daisy P. Cowan, the devisee named therein, the legal title to the real estate of which the said A. B. Cowan died seised, or did said real estate pass by intestacy.

"6. Whether the Circuit Court of Monongalia County, West Virginia, now has jurisdiction of the cause of action alleged by the bill of complaint filed in this case, in the light of the provisions of Chapter 41, Article 5, Section 11, of the Code of West Virginia."

A. B. Cowan died in Monongalia County leaving an unwitnessed, typewritten testamentary paper naming his wife, Daisy P. Cowan, his sole beneficiary and nominating her as executrix without bond. In an *ex parte* proceeding before the county clerk of that county this paper was admitted to probate on the 27th day of December, 1944, and an order confirming probate was entered on the 28th day of December, 1944. Daisy P. Cowan later qualified. Robert C. Cowan, one of the plaintiffs below and in error, half brother of decedent, after acquiring the interests of all others who, in the event of intestacy, would have been decedent's heirs-at-law, brought this proceeding on the 29th day of April, 1948, seeking to partition certain land of which the decedent died seised, and praying that Daisy P. Cowan be required to account for certain moneys that had gone into her hands as the personal representative of her deceased husband, A. B. Cowan. It will be seen that although in form a proceeding to partition land, in substance this case is a proceeding attacking collaterally the will of A. B. Cowan because not witnessed, and reducing his widow's interest in the real estate of which he died seised to that of vested dower. In others, if the will of A. B. Cowan is sustained as such, Robert C. Cowan takes nothing because not named therein as a beneficiary, but if that will is set aside the widow takes in decedent's land only her vested estate in dower.

Since the paper in question lacks the attested declaration of the testator, viewed alone it is not a valid will. The plaintiffs below and in error take the position that only wills, not other papers, are probatable; and that since the paper in question was no will, its probate should be treated as of no consequence, and that therefore Code, 41-5-11, providing that if two years have elapsed since the order of a county court probating a will and not appealed from, the order of probate, "shall be forever binding" has no effect. They take the further position that, admitting the validity of the probate, its effect relates to questions of fact only and that since the validity of A. B. Cowan's will is a pure question of law, probate does not affect it.

To overcome this contention the defendants in error urge that in holding the validity of the will incontestable at the time of the institution of this proceeding the trial chancellor was but following a principle firmly established in this jurisdiction when it was a part of the Commonwealth of Virginia and not departed from since, citing *Nalle's Representatives v. Fenwick* (1826), 4 Rand, 585; *Vaughan v. Doe ex dem. Green* (1829), 1 Leigh 287; *Parker's Ex'rs. v. Brown's Ex'rs.* (1850), 6 Gratt. 554; *Robinson v. Allen* (1854), 11 Gratt. 785; and *Ballow v. Hudson* (1857) 13 Gratt. 672. The principle contended for by the defendants in error is that a probate not appealed nor attacked within the statutory time has the effect of a judgment become final as against the world by which the paper involved has been adjudged to speak as and for a will; that since there is no inherent jurisdiction in chancery to entertain a contest of a will's validity, the statute controls as a grant of jurisdiction and not as a statute of limitations, and that consequently after two years from a valid probate, a will, as distinguished from its provisions, is immune from attack. In our opinion the Virginia cases cited clearly attach that solemnity to an order of probate, and, if we looked upon this proceeding as a direct attack upon the will of A. B. Cowan, we would apply the principle adopted by the Virginia cases. We have examined authorities cited by the plaintiffs in error, in-

cluding *Hooks v. Stamper,* 18 Ga. 471; *Cureton v. Taylor,* 89 Ga. 490, 15 S. E. 643; *Blacksher Company v. Northrup,* 176 Ala. 190, 57 S. 743, and others, to the effect that the formal validity of a will may be attacked at any time after probate and have concluded that, in addition to their being contrary to the clear weight of authority (57 Am. Jur. 618), they are clearly inapplicable because not based upon statutory provisions similar to Code, 41-5-11, the plain purpose of which is to stabilize the settlement of estates of decedents. However, as shall be stated, we believe this proceeding is an attempted collateral attack governed by different rules.

Counsel for the plaintiffs in error are correct in stating that the only issues triable under Code, 41-5-11, are those that arise under an issue of *devisavit vel non* and that that section is a grant of jurisdiction. However, counsel are mistaken in the contention that the only issues that arise are issues of fact and not of law and hence questions of law not being triable are not barred within the two year period. The issue of *devisavit vel non* is much broader and brings within its scope either a factual or a legal attack upon the instrument in question. The case of *Chitwood v. Collins,* 122 W. Va. 267, 8 S. E. 2d 830, relied on by counsel for the plaintiffs below, does hold that the provisions of Code, 41-5-11, bar only matters triable under that issue, but it does not confine that issue to matters of fact only. A cursory reading of the opinion in *Coffman v. Hedrick,* 32 W. Va. 119, 9 S. E. 65, shows that in considering a bill in equity attacking the validity of a will under Code, 41-5-11, our courts are empowered to decide questions of law and fact, submitting issues of fact to a jury if demanded. Whether an issue is submitted to a jury or is not, the proceeding is popularly called an "issue of *devisavit vel non*" and includes questions of both law and fact.

It is to be remembered that this is not a direct attack upon the validity of the Cowan will. This is a chancery proceeding asking for the partition of real property of

which A. B. Cowan died seised and possessed and praying that the defendant, Daisy P. Cowan, be required to account. The validity of his will arises only as an incident to the proof of title to his real estate. A paper admitted to probate is not subject to collateral attack, although it may be under our statute directly attacked by a proceeding in chancery with bill filed within two years after the date of its probate by a person not made a party to the probate proceeding. *Rush v. Brannon,* 82 W. Va. 58, 95 S. E. 521, and cases cited on page 61; see also *James' Sons Co. v. Crouch,* 72 W. Va. 794, at page 798, 79 S. E. 815. The matter to be decided in a proceeding of that nature is strictly confined to a single issue: what paper is the will of the decedent? It does not include matters dehors that issue such as an accounting as here prayed for. *Simmons v. Simmons,* 85 W. Va. 25, 30, 100 S. E. 743.

Treating this proceeding as an attempted direct attack upon the validity of the will of A. B. Cowan, we are of the opinion that Code, 41-5-11, bars its entertainment after the lapse of two years.

Of course, what we have said concerning the binding effect of a formal probate or of an ex parte probate confirmed by an order of a county court does not apply to a probate procured by fraud. An attack of that nature is not barred by the provisions of Code, 41-5-11. *Wills v. Spraggins,* 3 Gratt. 555. In this instance the bill does contain a general allegation that the probate of the will of A. B. Cowan was procured by fraud. There are no facts nor circumstances alleged upon which the conclusion of fraud can be based. This method of charging fraud is not sufficient. Such allegations must be definite and specific. *Charter v. Kump,* 109 W. Va. 33, 152 S. E. 780. In any event the sentence of probate would stand as a judgment, not subject to collateral attack. See Code, 41-5-9.

On the basis of the foregoing the questions certified are answered numerically as follows:

(1) Not alone.

(2) No.

(3) Not pertinent.

(4) Not pertinent.

(5) The probate was effective to establish the paper in question as the will of A. B. Cowan and that paper did vest title to the real estate of which he died seised and possessed in Daisy P. Cowan; and

(6) The Circuit Court of Monongalia County has lost jurisdiction under Code, 41-5-11, but not of this case as a proceeding in chancery to partition land. Since defendants' answer alleges facts that would make the relief prayed impossible, case should be dismissed upon demurrer overruled to defendants' answer.

The order of the Circuit Court of Monongalia County overruling the demurrer to defendants' answer is affirmed.

*Affirmed.*