## Long et al. v. Howard et al.

September 30, 1949.

Astor Hogg for appellants.

Sampson & Sampson, L. A. Hopper and E. G. Hill for appellees.

CHIEF JUSTICE SIMS—Reversed with directions.

C. L. Howard died intestate in Harlan County in 1938 survived by his widow, Katherine Howard, and eight children. He and his wife owned jointly a tract of land of about 50 acres located a mile or so from the town of Harlan. At their father's death the children each inherited ⅛ of his one-half undivided interest in the land, or a 1/16 undivided interest therein, subject to the dower of the widow, who owned in fee the remaining one-half, or 8/16 undivided interest in the land.

On April 14, 1945, the widow joined by all the children and their spouses conveyed to P. T. Allen a small parcel of this 50-acre tract which is not in controversy but is mentioned because Allen asks in this partition action that an 11/16 undivided interest he and associates subsequently purchased in a specific lot of about an acre and a half be allotted to them adjacent to the lot he first purchased. Furthermore, the lot first purchased is important because the widow kept the entire purchase price of $2,000, one half of which was due her and the other $1,000 it is insisted she accepted in lieu of dower in her husband's half of the balance of the 50-acre tract.

In 1947 the widow joined by only three of the children conveyed Allen and his two associates an 11/16 undivided interest in a portion of this 50-acre tract which contained about one and a half acres and is particularly described and adjoins the right-of-way of the L. & N. Railroad Company for 400 feet. It is apparent that this 11/16 interest is made up of the widow's 8/16 plus the 1/16 interest of each of the three children who joined in the deed.

The five children, who own the remaining 5/16 undivided interest in the land from which the 11/16 interest in this specific lot is attempted to be conveyed to Allen, brought this action in equity and asked that it be adjudged the grantees took no interest in the lot attempted to be conveyed. That it be further adjudged the widow waived her right of dower in the balance of

the 50-acre tract by accepting the entire purchase price in the first lot sold; and that the balance of the original 50-acre tract be partitioned among the children and the widow.

The answer and counterclaim avers Allen and associates own 11/16 undivided interest in the particular lot deeded them and their interest in this lot should be allotted to them so as to join the first lot bought by Allen in 1945; that the widow should be allotted dower except in the lot in which they were conveyed an 11/16 interest, and that the three children who joined the widow in that deed should be allotted 1/16 of the 50 acres, except in the first lot sold Allen and the lot in which he and associates purchased an 11/16 undivided interest. The widow and the three heirs who joined in the second deed were made parties defendant and joined in the answer and counterclaim with Allen and associates.

The chancellor entered judgment in conformity with the prayer in the answer and counterclaim and the five heirs who did not join in the deed to Allen and associates appeal.

There are two questions presented on the appeal. First, have some cotenants the right as against other cotenants to convey to third parties any specific or definite portion of the common estate, or an undivided interest in any such specific portion? Second, did the widow by accepting the entire purchase price of $2,000 from the first lot conveyed, accept in lieu of dower in the remainder of her husband's one-half interest in the land the $1,000 over and above the one-half due her?

It is said in 14 Am. Jur., sec. 86, p. 151, under the subject of "Cotenancy" that one cotenant has no right to convey to a third person any specific or distinct portion, or undivided interest in such distinct portion, of the common estate as against the other cotenants. The reason being that the grantor is not authorized to carve out for himself any particular portion of the land; therefore, he has no right to convey any particular portion to his grantee. The authorities are not in agreement on the subject. Some hold such conveyance is void while others hold that although it is not binding upon other cotenants, the deed is valid between the parties and title will pass to the grantee in the event the land conveyed

is allotted to his grantor in subsequent partition proceedings. But there is a limitation which is always strictly observed, the conveyance will never be permitted to prejudice the grantor's cotenants. See authorities cited in the notes in the above text.

This court applied the rule many years ago in Potter v. Wallace, 185 Ky. 528, 215 S. W. 538. On page 544 of 215 S. W. it is said such a deed will never be permitted to prejudice the rights of other cotenants. It is obvious the task before us is to determine from the record whether or not the deed executed to Allen and associates prejudiced the rights of the other cotenants who refused to join in it.

It is admitted that the lot in controversy contains about one and a half acres and abuts the right of way of the L. & N. Railroad Company for 400 feet; also, that it adjoins the first lot conveyed Allen in 1945 by the widow and all the heirs. That five of the heirs, appellants here, refused to join in the deed to Allen and associates for the lot in controversy. It is further admitted that the original tract of 50 acres can be partitioned among the heirs and the widow and that the purchasers offered $1000 for the lot in controversy. The original 50 acre tract is mostly hillside, and the most valuable part of it is this one and a half acre lot.

One of the appellants, Eli Howard, testified this lot was "the most valuable part in the heart of the farm." A. C. Moore, the husband of one of the appellant heirs, testified the lot was the most valuable part of the tract as it had a commercial value and could be used for business purposes such as warehouses, coal loading ramps and railroad tracks. Bradley Long, the husband of another one of appellants, likewise thought this land was valuable for commercial purposes and testified that M. P. Purcell had offered $5000 for the lot; that it was worth more than that and that he (Long) would himself give $5000 for it.

On the other hand, Silas Howard, one of the appellees and a son of C. L. Howard, testified that the lot in question was not as valuable as the balance of the property because it was lower and part of it was swampy. He stated there are other portions of the 50 acre tract likewise abutting the railroad. Jack Allen, a brother of

one of the purchasers, corroborated Silas Howard. P. N. Bays, engaged in the real estate business, placed a value of $2500 on this lot. C. J. Baughman, another real estate dealer who claimed to know property values in the community, testified that the fair market value of the lot was from $2000 to $3000.

From the above resume of the evidence it is patent that it would be prejudicial to the rights of appellants to uphold the deed to Allen and associates. The preponderance of the evidence shows that this lot is by far the most valuable part of the 50 acre tract and to permit the 11/16 undivided interest therein to be allotted to Allen and associates out of this particular lot would work a great hardship on appellants. Convincing testimony shows this lot of one and a half acres is worth $5000 and we know from the record that the remainder of the 50 acre tract is worth nothing like $3,300 an acre, which it will have to bring to put it on a par in value with the lot. Then too, the grantees knew they were purchasing a lawsuit as the other five cotenants refused to join in the deed.

Appellees strenuously argue it is a rule of this court that where the evidence is conflicting we will not disturb the findings of the chancellor upon a question of fact. It is true we give great weight to the chancellor's findings of fact and will not disturb them where our minds are left in doubt. But where the preponderance of the evidence is against the findings of the chancellor, and we are convinced that he has erred, we do not hesitate to reverse his judgment. Ray's Ex'r v. Bridges, 247 Ky. 459, 57 S. W. 2d 492; Cassinelli v. Stacy, 238 Ky. 827, 38 S. W. 2d 980; American Life & Acc. Ins. Co. v. Arnett, 304 Ky. 440, 201 S. W. 2d 554.

With commendable frankness attorney for appellants says in brief he doubts if the evidence is sufficient to justify this court to find that the widow waived her right of dower in the lands of her husband by accepting and retaining the entire $2000 as the purchase price for the first lot sold in which all the heirs joined. We agree with counsel that the evidence does not justify such a finding, therefore it will not be necessary to discuss the testimony relating to this point.

The judgment is reversed with directions that one be entered setting aside the deed the widow and three

of the heirs executed to Allen and associates, insofar as same affects appellants' interest in the lot attempted to be conveyed, and ordering the 50 acre tract, with the exception of the one lot the widow and all the heirs conveyed to Allen, be partitioned among the widow and the heirs as their interests appear.