BUANNA MAUZY, *et al.*

*v.*

ALMA NELSON, *et al.*

(No. 12191)

Submitted May 14, 1963.          Decided June 18, 1963.

*William McCoy, Sr., William McCoy, Jr.,* for appellants.

*George I. Sponaugle,* for appellees.

CAPLAN, JUDGE:

This is a civil action instituted in the Circuit Court of Pendleton County, wherein the plaintiffs Buanna Mauzy and J. K. Mauzy, her husband, and Myrtle Welch and Joseph

H. Welch, her husband, seek the partition of certain real property situate in Union District in said county. The parties hereto are the children and, in some instances, spouses of said children, of Jonathan S. Nelson and Maude W. Nelson. From an order of the circuit court denying plaintiffs the relief prayed for this Court, upon petition, granted an appeal and supersedeas.

Jonathan S. Nelson and Maude W. Nelson, his wife, each owned a one-half undivided interest in a farm which consisted of two tracts of land, one containing one hundred eighty-eight and one-half acres and the other six and one-half acres, and upon which is situate their home place. In this opinion this property will be referred to as a single tract of land.

On March 19, 1944, Jonathan S. Nelson, hereinafter sometimes called testator, died testate and by his will bequeathed twelve hundred dollars to his daughter Alma Nelson, and devised and bequeathed all the remainder of his belongings, both real and personal, to his eight children, Mrs. Madie (Nelson) Allen, Mrs. Estie (Nelson) Nelson, Mrs. Eva (Nelson) Smith, Mrs. Buanna (Nelson) Mauzy, Miss Alma Nelson (single), Mrs. Mertie (Nelson) Thompson, Mrs. Marjorie (Nelson) Bland, and Arlie Nelson. By a codicil to his will, dated August 2, 1943, the testator devised to his daughter Alma, one of the defendants herein, the house and twenty acres around said house. The pertinent portion of the codicil is in the following words: "1st. In addition to the ($1200) Twelve hundred Dollars and the equal share of all my real and personal property I will to my daughter Miss Alma Nelson the dwelling house and twenty (20A) acres of land around the said house. The line shall be run as my daughter Miss Alma Nelson so desires."

Subsequently, in 1956, Maude W. Nelson died intestate and her one-half undivided interest in said property descended to her remaining seven children, Maude (Madie) Nelson Allen, a daughter, having died without issue in 1952. Alma Nelson, who had remained on the farm and had taken care of her father and mother, continued to reside and still

resides at the home place, together with her invalid brother, Arlie.

In the complaint filed in this proceeding the plaintiffs allege that Jonathan S. Nelson had devised all of his real estate to his eight children; that by reason of the intestacy of their mother, Maude W. Nelson, the remaining one-half interest in said real property descended to the remaining seven children, making them tenants in common in the whole tract; that the land can not be partitioned equitably among such co-owners; and that it would be in the best interest of each of said owners to sell the real estate and divide the proceeds from the sale among the parties according to their rights. One of the principal allegations upon which the plaintiffs rely is that the codicil, quoted in part above, is void and incapable of taking effect. It is therein claimed that the codicil is void because of its uncertainty and for the further reason that the testator owned only a one-half undivided interest in the property he attempted to devise to his daughter Alma Nelson.

The defendant Alma Nelson filed an answer to the complaint and a counterclaim. Therein she denies that the codicil is void and affirmatively asserts that the dwelling house and twenty acres of land around said house were devised to her by her father. She further asserts that the balance of the real estate, after the twenty acres have been run off, can not be conveniently divided and that such balance should therefore be sold and the proceeds divided among the parties according to their respective interests. It is evident from the prayer in her counterclaim that by reason of the codicil to her father's will she claims a one-half undivided interest in the dwelling house and the twenty acres.

A further defense to this action was raised in the answer of Marjorie Bland, one of the defendants herein. In addition to denying that the codicil to the will of Jonathan S. Nelson is void, she affirmatively asserts that the "codicil is legal and binding on all parties for the reason that it's certain or could be made certain and for the further reason that more than one year has elapsed since the will of the

said Jonathan S. Nelson was duly probated; and thus according to the laws of the State of West Virginia, no contest can be made thereon; * * *." It is evident from the brief of appellees that the state law to which reference is made is Code, 41-5-11.

The trial court heard this case upon the pleadings and upon arguments of counsel for the parties. On May 2, 1962, that court entered an order finding "that the Will and Codicil attached thereto of the said Jonathan Nelson is legal and valid in all respects and doth further construe the Will and Codicil to mean that Alma Nelson shall have a 1/2 undivided interest in the house and 20 acres around the dwelling house * * *." That order further gave Alma Nelson a one-seventh interest in the remaining farm lands, "including an undivided 1/7 interest in the other half of the 20 acres and the dwelling house." Commissioners were appointed to run off and set aside twenty acres around the dwelling house and were directed to place a fair market value on that specific portion of the farm. Alma Nelson was thereby given the privilege of purchasing the other one-half undivided interest in the house and twenty acres so specified.

In deciding this case we must first consider the legal effect of the first paragraph of the codicil to the will of Jonathan S. Nelson. It is noted that in addition to an equal share in all of his real property he therein wills to his daughter, Alma Nelson, the dwelling house and twenty acres around the house, to be determined as she shall designate. The testator was the owner of a one-half undivided interest in the whole one hundred ninety-five acre tract. Owning such interest, could he make a devise of a particular portion of that tract? This must be answered in the negative.

Although one holding an interest in property can bequeath or devise that interest, it is well established that he can not devise a particular item or plot or his interest in a particular item or plot out of the entire property so held. *Fredrick* v. *Fredrick*, 219 Ill. 568, 76 N. E. 856; *Long* v. *Howard*, 311 Ky. 66, 223 S. W. 2d 376; 94 C.J.S., Wills, Section 76. If he were permitted to do this he would transfer, by will, certain property which he did not own. In the case be-

fore us the testator unequivocally attempted to devise the dwelling house and twenty acres. This was not his to so transfer. One-half of it belonged to his wife and it would be to her detriment if such devise were permitted and were made effective. It happens, under the facts of this case, that Alma Nelson did not exert the rights ostensibly given her under the codicil, but, if she had, it is obvious that her mother's interest would have been prejudiced.

As pointed out by the defendants, the intention of the testator must be given effect in the construction of his will, unless that intention violates some positive rule of law. It is contended that it was the testator's intention to transfer his interest in the house and twenty acres to Alma and that such intention must be given effect. This contention clearly ignores the limitation set out in the above rule of law, that is, "unless that intention violates some positive rule of law", and, in the circumstances of this case, is untenable. It is clear in this case that the testator intended to convey by will a specific portion of an entire estate in which he owned only an undivided interest. That such intention violates a positive rule of law is plainly stated in 14 Am. Jur., Cotenancy, Section 86, in the following language: "As already intimated, it is a general rule that one cotenant has no right, as against his associates, to convey to a third person any specific or distinct portion of the common estate, or an undivided interest in any such portion; and it is usually held that such a conveyance can neither change the relation of cotenancy existing between the grantor and his fellows nor divest him of his interest in the common estate and vest it in his grantee. The reason is obvious. The grantor's title is to an undivided share of the whole, and he is not authorized to carve out his own part, nor to convey in such a manner as to compel his cotenants to take their shares in several distinct parcels such as he may please; and since a grantor himself has no right, on a partition, to select any particular portion of the land and to insist that his moiety, or any part of it, be set off in that specific portion, so he cannot convey such a right to his grantee. If this were not admitted to be the established law, the cotenants not assenting to such a sale might, without any fault of their own, be deprived of their

right to enter and occupy every portion of the common estate, and to have any portion of it, thus conveyed, assigned to them on a partition of the common estate." See also *Continental Coal Co.* v. *Morris,* 107 W. Va. 300, 148 S. E. 119; *Barnes* v. *Lynch,* 151 Mass. 510, 24 N. E. 783; *Pellow* v. *Arctic Mining Co.,* 164 Mich. 87, 128 N. W. 918; *Lee* v. *Follensby,* 83 Vt. 35, 74 A. 327; *Virginia Coal & Iron Co.* v. *Hylton,* 115 Va. 418, 79 S. E. 337.

In view of the foregoing reasons and the authorities cited, we hold that the codicil under consideration in this case is void and can be given no effect. The provisions of Nelson's will control, therefore, and by reason thereof, and the intestacy of his widow, the remaining seven children shall share equally in this estate.

A further contention of the defendants is that the only manner in which this will can be attacked is provided in Code, 41-5-11, and that the limitation of two years prescribed therein now prevents such attack. That code provision permits one to proceed by a bill in equity to impeach or establish a will, but provides that such bill must be filed within two years from the date of the order of the county court admitting the will to probate, or within two years from a judgment or order of the circuit court on an appeal from the county court.

We are firmly of the opinion that the provisions of Code, 41-5-11, do not apply in this case. The sole purpose of the proceedings under that statute is the determination of the validity of the will. When that question is decided the function of the suit is exhausted. *Coffman* v. *Hedrick,* 32 W. Va. 119, 9 S. E. 65; *Ward* v. *Brown,* 53 W. Va. 227, 44 S. E. 488; *Powell* v. *Sayres,* 134 W. Va. 653, 60 S. E. 2d 740. Neither the construction of a will nor the validity of a bequest therein can be inquired into in a suit instituted under that statute. *Coffman* v. *Hedrick,* 32 W. Va. 119, 9 S. E. 65; *Ward* v. *Brown,* 53 W. Va. 227, 44 S. E. 488. When the issue devisavit vel non is adjudicated the purpose of a suit permitted under the provisions of Code, 41-5-11, is complete. Commenting on suits instituted pursuant to Code, 41-5-11, our Court, in *Canterberry* v. *Canterberry,* 118 W. Va. 182, 189

S. E. 139, said: "Suits of this sort can have but one purpose, namely, to establish or impeach a challenged instrument purporting to be a will." The statute contemplates a test of the validity of the will. The word "validity" has reference only to the validity of the probated paper as a testament, not to the validity of its provisions, *Chitwood, et al.* v. *Collins, et al.,* 122 W. Va. 267, 8 S. E. 2d 830.

The defendants cite *Cowan* v. *Cowan,* 133 W. Va. 115, 54 S. E. 2d 34, for the proposition that one can not collaterally attack the validity of a will in a partition suit after the two year period set out in Code, 41-5-11. In that case there was an attempt to impeach the will because it was not properly witnessed. Involved there was the direct issue of whether or not there was a valid will. Such issue must be adjudicated within the two year period prescribed by Code, 41-5-11. In the instant case, however, all parties readily concede that the will of Nelson is, in fact, a valid will. The only question presented is one concerning the construction of the will to determine the interests of the parties. We hold, therefore, that the provisions of Code, 41-5-11, do not apply in this case.

It is contended on behalf of the defendants that the plaintiffs are estopped from questioning the devise of the house and twenty acres, as set out in the codicil, for the reason that seventeen years have passed since the probate of the will. In the circumstances of this case this contention is without merit. No action was taken by any of the parties after the probate of the testator's will until the institution of this partition suit. The widow and children who were then living in the dwelling house continued to reside there. The daughter, Alma Nelson, did not attempt to exert any rights purportedly given to her under the provisions of the codicil. None of the interests of the parties were disturbed or brought into question until this suit was instituted. No conduct on the part of the widow, as a cotenant, could be construed as an affirmation or ratification of the act of her husband in carving out a portion of the common estate. Therefore, estoppel is not available as a defense in this case. "Mere failure to object to a transaction of this kind, however, does not necessarily preclude the nonconsenting ten-

ants from asserting their rights, and unless they have acquiesced in one way or another, there can be no basis for an estoppel in pais." 14 Am. Jur., Cotenancy, Section 63.

For the reasons stated herein, the judgment of the Circuit Court of Pendleton County is reversed and the case is remanded.

*Reversed and remanded.*