**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Robert Knight and Jane Knight,**
**Dorothy Lilly, Roscoe Knight and Edna Knight,**
**Roger D. Knight, and/or successor**
**Roger L. Knight, and Hazel Knight Spencer,**
**Plaintiffs Below, Petitioners**

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 12-1159** (Monroe County 09-C-86)

**Ronald J. Hubbard Jr. and Rebecca Lynn Hubbard,**
**Defendants Below, Respondents**

**MEMORANDUM DECISION**

Petitioners' appeal, filed by counsel Christine B. Stump, arises from the Circuit Court of Monroe County, which denied petitioners' petition to remove cloud on title and their complaint for declaratory judgment, by order entered on August 23, 2012. Respondents, by counsel Phillip B. Ball, filed a response in support of the circuit court's order. Petitioners argue that the circuit court erred in denying petitioners' request to eject respondents from the subject property.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners Robert Knight, Dorothy Lilly, Roscoe Knight, Roger D. Knight, and Hazel Knight Spencer are siblings and share the subject property as tenants in common. Petitioner Jane Knight is married to Petitioner Robert Knight, Petitioner Edna Knight is married to Petitioner Roscoe Knight, and Petitioner Roger L. Knight is Petitioner Roger D. Knight's son.[1] Petitioners acquired the sixty-five-acre subject property from Petitioner Dorothy Lilly and another sibling, Mary Knight.[2] In 1977, petitioners' parents (or, in Petitioner Roger L. Knight's case, grandparents), Alfred and Vertie Knight, conveyed one-half undivided interest of the subject property to Dorothy and Dorothy's husband and the other one-half undivided interest to Mary and Mary's husband, each couple becoming joint tenants with right of survivorship and not as tenants in common. In 1980, Dorothy, Mary, and their spouses conveyed their interests among

---

[1]Petitioner Roger L. Knight has been named in this case because his father Roger D. Knight conveyed his interest in the subject property to him.

[2]We note that not all of the individuals who encompass the shares of the subject property were made a party in this action.

1

themselves, their six siblings, and their siblings' spouses as joint tenants with right of survivorship and not as tenants in common, conveying each couple a one-eighth undivided interest.

In 2003, one of Dorothy and Mary's siblings, William Knight, conveyed his share of the property to respondents, and, as a result, petitioners and respondents became tenants in common. In November of 2009, petitioners initiated the case, contending that respondents' use of the property was unlawful. Petitioners brought this action in circuit court to seek removal of respondents from the property, and for a declaration that respondents' use of the property for their home was unlawful and unreasonable. Following a bench trial in September of 2010, the circuit court found that respondents' use of the property was not unlawful and that petitioners were not entitled to damages. Petitioners' appeal of this order followed.

Because the decision on appeal arises from a bench trial, we use the following standard of review:

> "In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 1, *Public Citizen, Inc. v. First Natl. Bank in Fairmont,* 198 W.Va. 329, 480 S.E.2d 538 (1996).

Syl. Pt. 1, *McConaha v. Rust*, 219 W.Va. 112, 632 S.E.2d 52 (2006). In reviewing the record below, we bear in mind the following: "If the action be by one or more tenants in common, or joint tenants, or coparceners, against their cotenants, the plaintiff shall be bound to prove actual ouster or some other act amounting to a total denial of the plaintiff's right as cotenant." W.Va. Code § 55-4-15.

In asserting that the circuit court erred when it did not eject respondents from the subject property, petitioners raise three arguments. Petitioners first argue that the circuit court erred when it held that respondents used the property through acceptable actions available to all tenants in common. Conversely, petitioners assert that they proved that respondents were declaring exclusive ownership and occupancy of a specific tract within the property to the exclusion of the co-tenants and without the permission of the co-tenants. Petitioners challenge respondents' acquisition of the property from William Knight, raising that one co-tenant did not have the right to convey to a third person any specific or distinct portion of the common estate, citing *Mauzy v. Nelson*, 147 W.Va. 764, 768, 131 S.E.2d 389, 392 (1963). Petitioners assert that although William Knight conveyed his undivided interest to respondents, he was not devising a particular plot from the entire property.

Upon our review of the record, we find no abuse of discretion by the circuit court. The argument under which petitioners sought to eject respondents from the property lacks merit. Although respondents have occupied a specific portion of the property, petitioners have failed to prove that respondents ousted petitioners from the property or that respondents have denied

petitioners total access to the subject property. Of the petitioners who testified, two live in Ohio and very rarely visit the property. A petitioner who lives next to the subject property testified that he has never asked respondents to leave. Another petitioner further testified that his reasons for not visiting the property anymore were based on him not feeling "comfortable going on the property" but did not provide specific deterrents that kept him from visiting or using the land. This same petitioner also testified that, although on one visit there was a backhoe along the roadway, there was still access to the top of the property by other means.

Next, petitioners argue that the circuit court erred in holding that respondents' actions did not render petitioners' property interest unmarketable when petitioners proved that the entirety of the property was reduced by respondents' claim to exclusive ownership of a portion of the property. Petitioners assert that respondents ousted petitioners from the property by placing a barn and home on the property, along with "no trespassing" signs. Accordingly, petitioners argue that respondents have rendered the land unmarketable.

We find no abuse of discretion by the circuit court in this regard. Petitioners argue that they met their burden of proof pursuant to West Virginia Code § 55-4-15, i.e. by proving ouster or total denial of rights as co-tenants. From our review of the record, however, petitioners did not meet this burden. Petitioners provided no evidence of any diminished value of the property, nor did they prove a total denial of their rights as co-tenants or ouster by respondents. As we discussed above, petitioners have failed to prove total denial of their rights as co-tenants. The record also provides no indication that petitioners succeeded in proving that ouster occurred.[3] For instance, one of the respondents testified that she posted one of the "no trespassing" signs, but that one of the petitioners posted the others. She further testified that none of the petitioners had ever expressed any desire to share respondents' barn.

Lastly, petitioners argue that the circuit court erred in upholding the concept of unilateral partition in a tenancy in common. Petitioners reiterate that respondents did not have the authority to carve out a tract from the whole parcel. Petitioners highlight that the common property cannot be partitioned by fragments and that they have an absolute right to enter and occupy every portion of the common estate.

Our review of the record supports our finding that the circuit court committed no abuse of discretion in this matter. The circuit court made findings that respondents never made threats to petitioners, nor did respondents ever prevent petitioners from accessing the subject property.

---

[3]We have described ouster as follows:

> An actual ouster of one tenant in common cannot be presumed, except where the possession has become tortious and wrongful by the disloyal acts of the co-tenant, which must be open, continued and notorious, so as to preclude all doubt of the character of his holding or the want of knowledge thereof by his co-tenant. This conduct must amount to a clear, positive and continued disclaimer and disavowal of his co-tenant's title, and an assertion of an adverse right; and a knowledge of this must be brought home to his co-tenant.

Syl. Pt. 1, *Boggess v. Meredith*, 16 W.Va. 1, 1879 WL 2970 (1879).

Further, none of the parties made prior requests for another party to cease any activity on the property. Evidence admitted at the bench trial supports these findings. Having reviewed the circuit court's "Final Order," entered on August 23, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's final order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 3, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

12-1159

IN THE CIRCUIT COURT OF MONROE COUNTY, WEST VIRGINIA

ROBERT KNIGHT and JANE KNIGHT,
DOROTHY LILLY,
ROSCOE KNIGHT and EDNA KNIGHT,
ROGER D. KNIGHT, and/or successor
ROGER L. KNIGHT,
HAZEL KNIGHT SPENCER,                                        PLAINTIFFS

VS.                                                          CIVIL ACTION NO: 09-C-86

RONALD J. HUBBARD, JR. and
REBECCA LYNN HUBBARD,                                        DEFENDANTS.

## FINAL ORDER

On the 7TH day of September, 2010, came the Plaintiffs, Robert Knight and Jane Knight, Dorothy Lilly, Roscoe Knight and Edna Knight, Roger D. Knight, and/or successor Roger L. Knight and Hazel Knight Spencer, in person and by counsel, Christine B. Stump; and the Defendants, Ronald J. Hubbard Jr. and Rebecca Lynn Hubbard, in person and by counsel Phillip B. Ball, Esquire, and announced to the Honorable Robert A. Irons, Judge of the Circuit Court of Monroe County, West Virginia, that they were ready to proceed with the trial on the merits of this matter.

Counsel for the Plaintiff then presented evidence via direct examination of the Plaintiffs, who were cross examined by Defense counsel, at which time the Plaintiffs rested their case. The Defendants presented one witness, after which Defendants rested their case.

The Court finds, based upon testimony of witnesses; the argument of counsel and after review of the evidence submitted, as follows:

1.      That the Plaintiffs own the following interests in real property identified as 65 acres, more or less, on the waters of Rock Camp Creek, Springfield District, Monroe County,

MITH, LILLY & BALL, PLLC
ATTORNEYS AT LAW
PRINCETON, WV

remaining interest holders. As shown in Deed Book 233, at Page 491 and Deed Book 264, at Page 110.

3. The Defendants have occupied, as undivided interest owners, a portion of the herein referenced real property since April 17, 2003, the date of their original purchase.

4. That the Defendants have improved a portion of the real property by placing mobile homes thereon, building a permanent structure around one mobile home as a residence, building a barn, building various unnumbered outbuildings and generally maintaining this portion of the real property.

5. The Plaintiff's have on sporadic occasions visited the real property, since their ownership interest was established, and traversed the right of ways leading to various portions of the acreage, however they have not gained access to the portion of the subject property on which the Defendants reside.

6. The Plaintiff's have never occupied the subject real property throughout their period of ownership.

7. That the Plaintiff's use of the real property, or access to same via the dirt roadways and paths located thereon, has not been hindered, blocked or otherwise obstructed by the actions of the Defendants, other than gaining access to the Defendants home, and buildings.

8. That the Defendants have not timbered, or otherwise permitted any wasteful activity on the property.

9. That the Parties hereto have never requested, demanded or actively required that any other party cease any activity on the real property.

10. That William M. Knight constructed a septic system, installed a mobile home and

19. When one of two joint tenants conveys his undivided interest to a third person, the right of survivorship is destroyed. Such third party and the remaining joint tenant hold the property as tenants in common. **Herring v. Carroll, 171 W.Va 516, 300 SE2d 629 (1983).**

20. Each tenant in common may "use the land for purposes allowable by law to a tenant in common, but use no more than his share, and so not exclude a co-tenant, hie is not accountable to him for rents and profits. **McConaha et. al, v. Rust, et al, 632 S.E.2d 52 (W.Va, 2006), Cecil v. Clark, 47 W.Va 402, 35 S.E. 11 (1900), Allen v. Gibson, 25 VA 468 (1826), Turner v. Turner 39 SE2d 299 (1946).**

21. That neither party hereto has presented any evidence of monetary damages nor requested an accounting for damages, or waste.

22. That neither party hereto has requested partition of subject real property.

23. That neither party hereto is alleging ouster from subject property, nor presented any evidence that said individual parties property interest is unmarketable or otherwise diminished in value.

24. That no evidence has been presented that any of the deeds introduced into evidence were fraudulently or unlawfully obtained or filed, nor that they were not fully vesting documents that convey the interests therein identified, or the interests of the grantor's therein. **Nickels v. Miller 101 S.E 68 (1919), Worthington Vv. Staunton, 16 W.Va. 209 (1880), Cox v. McMullin 55 VA 82 (1857).**

WHEREFORE it is the ORDER of this COURT that Venue and Jurisdiction of this matter are properly before this Court, and that the matter is a proper subject for Declaratory Judgment pursuant to West Virginia Code §55-13-1, and therefore this COURT DECLARES as

4ITH, LILLY & BALL, PLLC
ATTORNEYS AT LAW
PRINCETON, WV

follows:

1.     That the parties hereto are the owners of the subject real property as is more fully detailed in paragraphs 1 and 2 above.

2.     That the parties in relation to each other hold ownership as tenants in common, except for the married parties who own as joint tenants respectively.

3.     That the Defendants action, in regard to their use of the real property are acceptable actions available to all tenants in common.

4.     That the Defendants actions and deeds have not placed a cloud on title to the Plaintiffs ownership interest.

5.     That the Defendants actions have not made the Plaintiff's property, or their interest therein, unmarketable.

6.     That the parties hereto are responsible for their own legal fees and Court costs.

7.     That the Clerk of the Court is directed to provide a certified copy of this Order to all counsel of record, and thereafter to dismiss this matter from the Docket of this Court.

Entered this the 23 day of Aug 2012.

_____
ROBERT A. IRONS
CHIEF CIRCUIT JUDGE

PREPARED BY:

_____
Phillip B. Ball, Esquire
SMITH, LILLY & BALL, PLLC
1421 Princeton Avenue
Princeton, WV 24740
304-425-2196
Bar ID No: 7124

MITH, LILLY & BALL, PLLC
ATTORNEYS AT LAW
PRINCETON, WV

A TRUE COPY
ATTEST

Clerk, Circuit Court
Monroe Co., W.Va.