# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**October 31, 2025**

released at 3:00 p.m.
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**VALERIE JANE POE, AS ADMINISTRATRIX
OF THE ESTATE OF DOROTHY LOUISE POE,**
**Plaintiff Below, Petitioner**

**v.)  No. 25-ICA-45**      (Cir. Ct. Kanawha Cnty. Case No. CC-20-2023-C-1089)

**JAMES W. TAYLOR,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

In this appeal, Petitioner Valerie Jane Poe ("Petitioner"), as Administratrix of the Estate of Dorothy Louise Poe, argues that she should be permitted to recover assets from her sister-in-law's estate that were previously distributed under the laws of intestate succession to the legal heirs, including Respondent, James W. Taylor ("Mr. Taylor"), and redistribute them according to a recently discovered will. On January 2, 2025, the Circuit Court of Kanawha County dismissed Petitioner's lawsuit seeking to enforce the will, finding that it was untimely. On appeal, Mr. Taylor filed a brief in support of the circuit court's order.[1] Petitioner filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's order but no substantial question of law. For the reasons set forth below, a memorandum decision reversing and remanding for further proceedings is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Dorothy Louise Poe ("Ms. Poe"), a resident of Kanawha County, West Virginia, died on September 3, 2021, without a known will.[2] On October 7, 2021, the County Commission of Kanawha County ("County Commission") entered an order opening Ms.

---

[1] Petitioner is represented by John J. Brewster, Esq., and Christopher J. Winton, Esq. Mr. Taylor is represented by Andrew L. Ellis, Esq., and Mary G. Williams, Esq.

[2] The factual background is based on the allegations in Petitioner's complaint. As Petitioner's claims were dismissed for failure to state a claim under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, the allegations in her complaint are taken as true. *See* Syl. Pt. 1, *Wiggins v. E. Associated Coal Corp.*, 178 W. Va. 63, 357 S.E.2d 745 (1987).

1

Poe's intestate estate and appointing one of her heirs at law, Mr. Taylor, as the administrator. On May 19, 2022, the Fiduciary Supervisor filed The First and Final Settlement Report and Report of Claims for the Estate of Dorothy Louise Poe with the County Commission. Mr. Taylor then distributed Ms. Poe's $1,304,622.38 intestate estate equally between her eight heirs, who were the children of her siblings.

In April 2023, Petitioner, whose late husband was Ms. Poe's husband's brother, discovered a document among her husband's files purporting to be the Last Will and Testament of Dorothy Louise Poe ("the Will"). The Will was dated November 14, 2008. Under the terms of the Will, Ms. Poe devised a one-seventh share of her estate to each of her siblings and her husband's siblings. For a devisee who predeceased Ms. Poe, his or her share was to be divided per stirpes between his or her surviving children.[3] Under these terms, seven of Ms. Poe's heirs would receive smaller shares of her estate than they received through intestate succession: Mr. Taylor, Eugenia Colleen Toussant, Colletta Kay Carr, Steven Nelson Darrah, Sheri Ann Blile, Nolon R. Taylor, and Susan R. Penland. Petitioner submitted the Will to the Fiduciary Supervisor of the County Commission on June 27, 2023. On August 30, 2023, the County Commission admitted the Will to probate.

Petitioner filed the underlying complaint on December 14, 2023, against Ms. Poe's seven intestate heirs entitled to smaller shares of her estate under the Will than they had previously received via intestate succession.[4] Petitioner raised two claims in the complaint: 1) "Enforcement of Will and Recovery of Property of the Estate" and 2) Unjust Enrichment. Essentially, Petitioner sought to recover the difference between the amount each defendant received via intestate succession and the amount he or she was entitled to under the Will, so that Petitioner could redistribute Ms. Poe's estate according to the Will's terms. On January 16, 2024, Mr. Taylor filed a motion to dismiss Petitioner's complaint pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, asserting that the closure of Ms. Poe's intestate estate barred enforcement of the Will. The parties briefed the motion, and in a reply and supplemental memorandum in support of the motion, Mr. Taylor raised the six-month statute of limitations set forth in West Virginia Code § 41-5-11.

On January 2, 2025, the circuit court entered an order granting Mr. Taylor's motion to dismiss. The circuit court specifically determined that the Petitioner's complaint was untimely under the six-month statute of limitations set forth in West Virginia Code § 41-5-11 for an action to impeach or establish a will. The circuit court reasoned that, because

---

[3] For one of Ms. Poe's sisters who was already deceased, the Will explicitly provided that her one-seventh share was to be divided among her three children, including Mr. Taylor.

[4] Petitioner did not name Deb Shilling Pierce as a defendant because she was entitled to a larger share of Ms. Poe's estate under the Will than she received through intestate succession.

2

the County Commission closed Ms. Poe's estate on May 19, 2022, any action to establish a will had to be filed on or before November 19, 2022. Accordingly, the circuit court determined that Petitioner's December 2023 complaint was time-barred and dismissed the action with prejudice. Although the circuit court specifically granted Mr. Taylor's motion to dismiss, it noted that because the complaint was time-barred, the ruling necessarily applied to all seven defendants. It is from the circuit court's order dismissing Petitioner's claims that she now appeals.[5]

Our review of an order granting a motion to dismiss is *de novo*. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). Additionally, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995). On appeal of an order dismissing a complaint under Rule 12(b)(6), the allegations of the complaint must be taken as true. Syl. Pt. 1, *Wiggins v. E. Associated Coal Corp.*, 178 W. Va. 63, 357 S.E.2d 745 (1987).

In her first assignment of error on appeal, Petitioner argues that the circuit court erred in finding that her complaint was subject to the six-month statute of limitations set forth in West Virginia Code § 41-5-11.[6] She contends that this statute only applies to actions filed either to impeach or establish a will, and that her complaint was neither. We agree and reverse.

West Virginia Code § 41-5-11 sets forth the procedure for a person who was not a party to a probate proceeding to impeach a will admitted to probate or to establish the validity of a will not admitted to probate:

> After a judgment or order entered as aforesaid in a proceeding for probate ex parte, any person interested who was not a party to the proceeding, or any person who was not a party to a proceeding for probate in solemn form, may proceed by complaint to impeach or establish the will, on which complaint,

---

[5] Although the circuit court dismissed Petitioner's complaint against all seven named defendants, Petitioner named only Mr. Taylor as a respondent in her notice of appeal, designating the other six defendants as non-participants. None of these non-participants filed a notice to remain a party as permitted under Rule 5(c) of the Rules of Appellate Procedure.

[6] The Supreme Court of Appeals of West Virginia has held that the first step in determining if a claim is time-barred is identifying the applicable statute of limitations, which is purely a question of law. *See* Syl. Pt. 5, *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009).

if required by any party, a trial by jury shall be ordered, to ascertain whether any, and if any, how much, of what was so offered for probate, be the will of the decedent. . . . [I]f the judgment or order was entered by the county commission and there was no appeal therefrom, such complaint shall be filed within six months from the date of such order of the county commission. If no such complaint be filed within the time prescribed, the judgment or order shall be forever binding. Any complaint filed under this section shall be in the circuit court of the county wherein probate of the will was allowed or denied.

W. Va. Code § 41-5-11 (1994). The Supreme Court of Appeals of West Virginia ("SCAWV") has held that "[t]he sole purpose of the proceedings permitted under the provisions of [West Virginia Code §] 41–5–11, is the determination of the validity of a challenged instrument purporting to be a will." Syl. Pt. 3, in part, *Mauzy v. Nelson*, 147 W. Va. 764, 131 S.E.2d 389 (1963). In this context, "[t]he word validity has reference only to the validity of the probated paper as a testament, not to the validity of its provisions." *Johnson v. Kirby*, 230 W. Va. 432, 439, 739 S.E.2d 283, 290 (2013) (quoting *Mauzy*, 147 W. Va. at 770, 131 S.E.2d at 392). The purpose of an action to establish the validity of a will is for the will to be accepted to probate; "[o]nce the will is established as valid, the circuit court would then by order direct the county clerk to probate the same." *Miller v. Robinson*, 171 W. Va. 653, 655, 301 S.E.2d 610, 612 (1983).

In contrast, tort and equitable claims related to bequests in a will are not subject to the six-month statute of limitations set forth in West Virginia Code § 41-5-11. *See Barone v. Barone*, 170 W. Va. 407, 409-11, 294 S.E.2d 260, 262-64 (1982) (finding that claims for tortious interference with a bequest and equitable fraud were not subject to the limitations period in West Virginia Code § 41-5-11); *see also Johnson*, 230 W. Va. at 439, 739 S.E.2d at 290 (finding that limitations period in West Virginia Code § 41-5-11 did not apply to claim that will had been revoked as a matter of law by divorce under West Virginia Code § 41-1-6). Instead, such claims are "subject to laches or tort statutes of limitations." *Barone*, 170 W. Va. at 408, 294 S.E.2d at 261, Syl. Pt. 3. In her complaint below, Petitioner did not seek to establish the validity of the Will, which was already admitted to probate. Indeed, Mr. Taylor does not contest the Will's validity. Instead, Petitioner sought the equitable recovery of assets previously distributed via intestate succession.[7] Therefore, the circuit court erred in finding that the six-month statute of limitations set forth in West Virginia Code § 41-5-11 barred Petitioner's complaint.

---

[7] Petitioner does not identify any statutory authority empowering a circuit court to set aside the finalized intestate succession of an estate. Moreover, Petitioner acknowledges in her reply brief that her complaint is entirely equitable in nature, and may be subject to equitable defenses, including laches. At oral argument, Petitioner's counsel similarly conceded that the complaint is exclusively equitable. Accordingly, the unjust enrichment claim is the only potentially viable claim in the complaint.

4

In her second assignment of error, Petitioner argues that there is no other statute of limitations that bars a will from being admitted to probate after the testator's estate has already been closed after administration through intestate succession. However, as the Will has been admitted to probate in this matter, we find that this argument is moot. In responding to this argument, Mr. Taylor offers policy-based reasons a Will should not be admitted to probate after the testator's intestate estate has been closed. However, he does not identify a statute of limitations that applies to Petitioner's complaint based on the record before this Court.

For the foregoing reasons, this Court reverses the Circuit Court of Kanawha County's January 2, 2025, order granting Mr. Taylor's motion to dismiss on the statute of limitations grounds set forth in the order and remands the case for further proceedings consistent with this decision.[8]

Reversed and Remanded.

**ISSUED:** October 31, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[8] The circuit court included a few paragraphs in its dismissal order finding that Petitioner failed to state a claim for unjust enrichment. It is not entirely clear from the order if the circuit court intended this ruling to be independent from its ruling that the complaint was untimely under West Virginia Code § 41-5-11. However, the circuit court's ruling in the conclusion of the order that "[Petitioner]'s Complaint fails to state a claim upon which relief can be granted because it was filed outside of the applicable statute of limitations" indicates that the statute of limitations ruling is integral to that decision.

In her opening brief, Petitioner contends that the circuit court's ruling on the unjust enrichment claim depends on its statute of limitations ruling and argues that the circuit court's order should be reversed in its entirety. Mr. Taylor does not dispute this characterization or argue that we should affirm the circuit court's dismissal of the unjust enrichment claim even if we reverse the circuit court on the statute of limitations issue.

At oral argument, Petitioner's counsel conceded that he had not located a case where unjust enrichment or any other equitable claim accorded a remedy in similar circumstances to this case. Nothing in this decision precludes Mr. Taylor's continuing right to challenge the efficacy of Petitioner's equitable claims under the facts as they may be established below.